478 So.2d 297 (1985)
Willie James HAYMOND
v.
STATE of Mississippi.
No. 55758.
Supreme Court of Mississippi.
October 9, 1985.
*298 John W. Christopher, Canton, for appellant.
Edwin Lloyd Pittman, Atty. Gen., by Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, PRATHER and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
In the Circuit Court of Madison County, Mississippi, Willie James Haymond was convicted of the crime of kidnapping and attempted unnatural intercourse. He was sentenced to fifteen years for the kidnapping, and five years for the unnatural intercourse.
He assigns two errors on appeal.
I. That the court erred in overruling his motion for a directed verdict at the conclusion of the state's case; and
II. That the jury verdict of guilty in both of these causes is against the overwhelming weight of the evidence and contrary to law.

FACTS
Haymond and the victim met and struck up a casual conversation at a reservoir night spot during the late evening hours of June 11, 1983. Haymond asked the victim if he would give him a ride home, and the victim agreed to do so.
At Haymond's request the victim drove him to the city of Ridgeland, where Haymond changed his mind and solicited a ride to the home of his aunt. The victim acquiesced, and with Haymond giving directions drove to a rural area of Madison County in search of the defendant's new and illusive destination.
After much unsuccessful meandering in rural Madison County, the victim reached the conclusion that Haymond did not know where he was going. He informed Haymond that he was going to take him to Haymond's home and attempted to speed up his automobile.
Haymond immediately pointed to a secluded driveway which was barricaded by a padlocked metal gate and ordered the victim to stop the automobile and to back the vehicle into the driveway. When the victim refused to do so, Haymond pushed him to the side of the car, took charge of the controls, and backed the automobile into the driveway.
Haymond told the victim to remove his clothes. When the victim declined to do so, Haymond told him that if he knew what was good for him he would take off his clothes. The victim, who testified he was small in stature and not a fighter, removed his clothing. Haymond proceeded to engage in oral copulation with the victim. When the victim was not responsive to these advances, Haymond then attempted to mount the victim from the rear. To avoid this, the victim somersaulted out of the open car door and fled into the nearby woods, clad only in his socks.
After a cursory search for the victim and entreaties for him to return to the automobile, Haymond took the automobile and fled the area.

LAW

I.

A. KIDNAPPING
Haymond argues that the court erred in overruling his motion for a directed verdict on the charge of kidnapping, because the state failed to prove one of the essential elements, namely that the victim must be secretly confined against his will.
In Brewer v. State, 459 So.2d 293 (Miss. 1984), this Court set out the elements of kidnapping, as follows:
In Hughes v. State, 401 So.2d 1100, p. 1105 (Miss. 1981), we stated:
... In order to clearly set forth the different elements which may constitute kidnapping under the statute, we restate the statute as follows:
Every person who shall, without lawful authority,
(1) forcibly seize and confine any other,

*299 (2) or shall inveigle or kidnap any other
(3) with intent
(a) to cause such person to be secretly confined or imprisoned in the state against his will,
(b) or to cause such other person to be sent out of this state against his will,
(c) or to cause such other person
(1) to be deprived of his liberty,
(2) or in any way held to service against his will...
Under the statute the state must prove that a person, without lawful authority, either (1) forcibly seized and confined another person, or (2) inveigled or kidnapped another person, intending to subject such person to either (a), (b) or (c) above.
Brewer at 296.
Turning to the facts, we note that: Haymond misled the victim in asking him to take him to his aunt's house and winding up on a secluded country road; Haymond forcibly grabbed the steering wheel and pulled the car off the road into a secluded driveway barricaded by a padlocked metal gate against the victim's wishes; and Haymond struck the victim on the head and behind the neck. When Haymond took control of the automobile with mischief in mind and forcibly backed it off the road, the victim literally became a prisoner in his own vehicle and his gratuitous undertaking to take Haymond home ended abruptly. At this point, the victim was forcibly detained, secretly confined and imprisoned against his will in a rural area of Madison County.
"A person may be secretly confined in a motor vehicle while it is in motion on the highways of the state or parked in a secluded area." Woods v. State, 393 So.2d 1319, 1324 (Miss. 1981).

B. UNNATURAL INTERCOURSE
In arguing this point, Haymond attempts to mislead the Court down a path distinguishing between unnatural intercourse as sodomy per os and sodomy per anus.
This argument overlooks the fact that Haymond was indicted for the attempted unnatural intercourse per anus and not for the partially successful sodomy per os.
We need not discuss the question of whether or not sodomy per os is punishable under Mississippi Code Annotated § 97-29-59 (1972). Sodomy per anus is proscribed by that section, as was pointed out in State v. Mays, 329 So.2d 65 (Miss. 1976).
Bucklew v. State, 206 So.2d 200 (Miss. 1968), sets out the test for an attempt to commit a crime. We stated,
Under the general law, it has been pointed out that an attempt to commit a crime consists of three elements: (1) An intent to commit a particular crime; (2) a direct ineffectual act done towards its commission; and (3) the failure to consummate its commission.
Id. at 202. See also, Mason v. State, 430 So.2d 857 (Miss. 1983).

C. DIRECTED VERDICT
The questions raised by the appeal were questions of fact for the jury. The cases are legion that set the standard of review on such an issue. We quote from Christian v. State, 456 So.2d 729 (Miss. 1984):
The standard of review in judging the sufficiency of the evidence on a motion for directed verdict requires that we accept as true all the evidence favorable to the state, together with reasonable inferences arising therefrom, to disregard the evidence favorable to the defendant, and if such evidence would support a verdict of guilty beyond a reasonable doubt, the trial court's denial of the motion must be affirmed. Carroll v. State, 396 So.2d 1033, 1035 (Miss. 1981).
Id. at 734.
We find no merit to Haymond's assignment that the trial court was in error in overruling his motion for a directed verdict.

*300 II.

WAS THE JURY VERDICT OF GUILTY AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW?
The verdict of the jury on these two charges was not contrary to law as we have pointed out above. It is well established that on such an evidentiary assignment this Court must accept as true all the evidence which supports the state's position, together with all inferences reasonably flowing therefrom in the light most favorable to the state's theory of the case. Holliday v. State, 455 So.2d 750 (Miss. 1984); Redwine v. State, 149 Miss. 741, 115 So. 889 (1928); and numerous other citations unnecessary to repeat here.
There is no merit to this assignment of error.
We, therefore, find no error in this record on the trial of the consolidated causes for kidnapping and attempted unnatural intercourse. We affirm both convictions and the sentence of fifteen years to the Mississippi Department of Corrections for kidnapping, and the sentence of five years to the Mississippi Department of Corrections on attempted unnatural intercourse to run consecutive with the sentence imposed for kidnapping.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and ANDERSON, JJ., concur.