757 So.2d 335 (2000)
Carlester COLLINS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1998-KA-01138-COA.
Court of Appeals of Mississippi.
April 4, 2000.
*336 Aelicia L. Thomas, Clarksdale, Attorney for Appellant.
Office of the Attorney General by Jean Smith Vaughan, Attorney for Appellee.
BEFORE McMILLIN, C.J., BRIDGES, AND PAYNE, JJ.
BRIDGES, J., for the Court:
¶ 1. Carlester Collins was convicted in the Second Judicial District of the Circuit Court of Bolivar County of aggravated assault. He was sentenced to a term of ten years to be served in the Mississippi Department of Corrections. He then filed a motion for a judgment notwithstanding the verdict, or in the alternative, a new trial which was denied by the circuit court. Aggrieved, Carlester appeals arguing the following assignments of error:
I. WHETHER THE VERDICT OF THE JURY WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
II. WHETHER THE COURT ERRED IN FAILING TO GIVE DEFENDANT'S JURY INSTRUCTION NO. 1.
Finding no merit to these issues, we affirm.

FACTS
¶ 2. On November 4, 1997, a fight occurred at East Side High School which involved Carlester, his brother, Kendrick Collins, and a young man named Kendrick Standifer. The record relates many different versions as to what exactly happened on that day. However, it is clear that Kendrick Collins had in his possession a gun which he attempted to shoot at Kendrick Standifer. Due to a bullet being hung in the chamber, the gun did not go off; at which point the three young men began to fight. Various testimony was given throughout the trial in effort to establish Carlester's involvement in the attempted shooting. Some testimony reflects that Carlester gave his brother, Kendrick Collins, the gun. Others testified that Carlester was encouraging his brother to shoot Kendrick Standifer. The testimony varies in the exact phrasing but includes the statements "shoot that n___ r," "shoot him in the head," and "do it now." Other witnesses stated that Carlester did not say anything but was just standing by his brother. Shortly after the fight broke out, Carlester, Kendrick Collins, and their friend Sentoria Hunter a/k/a Jo Jo ran back to their vehicle.
¶ 3. The police arrived at the school responding to a call that someone had a gun on school property and there had been a fight. When the police arrived, fifty to *337 sixty people were standing outside of the school, and Carlester and Kendrick Collins were trying to get into a parked vehicle. The mother of the Collins brothers was sitting in the parked vehicle and gave the police officers permission to search the vehicle. The officers found a handgun under the seat. Consequently, the young men were arrested.

PROCEEDINGS BELOW
¶ 4. Carlester and Kendrick Collins were indicted for aggravated assault and possession of a weapon on educational property. Carlester pled guilty to the charge of carrying a weapon on educational property and was sentenced to a term of twelve years with six years suspended and six years to serve in the Mississippi Department of Corrections. Carlester pled not guilty to the charge of aggravated assault and proceeded to trial where the jury returned a verdict of guilty as charged. The circuit court sentenced Carlester to a term of ten years to run consecutively to any and all other sentences imposed. Carlester filed a motion for judgment notwithstanding the verdict, or in the alternative, a new trial which was denied. Aggrieved, Carlester has perfected an appeal to this court.

ARGUMENT AND DISCUSSION OF LAW

I. WHETHER THE VERDICT OF THE JURY WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
¶ 5. The standard of review in determining whether a jury verdict is against the overwhelming weight of the evidence is well settled. "[T]his Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." Dudley v. State, 719 So.2d 180, 182 (Miss.1998). On review, the State is given "the benefit of all favorable inferences that may reasonably be drawn from the evidence." Griffin v. State, 607 So.2d 1197, 1201 (Miss.1992). "Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal." Dudley, 719 So.2d at 182.
¶ 6. Carlester argues on appeal that the evidence presented by the State was not sufficient to award a guilty verdict. More specifically, he contends that there were material inconsistencies in the testimony of the State's witnesses. Carlester maintains that the State's witnesses were not reliable because each person had a different version of who was present and what was said at the time of the attempted shooting. The Mississippi Supreme Court has held that "[w]here the verdict turns on the credibility of conflicting testimony and the credibility of the witnesses, it is the jury's duty to resolve the conflict." Nicholson v. State, 523 So.2d 68, 70 (Miss. 1988). As stated in Henson v. Roberts:
The demeanor or bearing, the tone of voice, the attitude and appearance of the witnesses, all are primarily for inspection and review by the jury. The jury not only has the right and duty to determine the truth or falsity of the witnesses, but also has the right to evaluate and determine what portions of the testimony of any witness it will accept or reject; therefore unless it is clear to this Court that the verdict is contrary to the overwhelming weight of the credible testimony, this court will not set aside the verdict of a jury.
Henson v. Roberts, 679 So.2d 1041, 1045 (Miss.1996).
¶ 7. It is apparent from the record that there was abundant evidence presented during trial of Carlester's involvement in the crime of aggravated assault against Kendrick Standifer. Accepting as true all evidence favorable to the State, the record shows that Collins acted in concert with his brother, Kendrick Collins, actively and *338 verbally encouraging him to shoot Kendrick Standifer in the head. Although there may have been variations in the witnesses' testimony, it is the jury's duty to resolve any conflicting testimony. When reviewing the evidence in the light consistent with the verdict and giving the State all favorable inferences which may be drawn from the evidence, this Court finds that the verdict was not against the overwhelming weight of the credible testimony. Accordingly, we find this issue to be lacking in merit, and we will not disturb the verdict of the jury.

II. WHETHER THE COURT ERRED IN FAILING TO GIVE DEFENDANT'S JURY INSTRUCTION D-1.
¶ 8. The instruction at issue reads as follows:
In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things witness testifies to; (2) the quality of the witness's memory; (3) the witnesses manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of the other evidence which you believe.
Carlester argues that this instruction was a correct statement of the law in Mississippi. He contends that because his case was centered on the fact that the witnesses for the State were not credible and had conflicting testimony, jury instruction D-1 should have been given. The trial judge refused this instruction because it was incorporated in other instructions that the court had already given. The State maintains that the trial court did not err in refusing this instruction because the principles of law found in D-1 were covered in other instructions.
¶ 9. The Mississippi Supreme Court has found that "[t]he trial judge is under no obligation to grant redundant instructions." Bell v. State, 725 So.2d 836 (¶ 30) (Miss.1998) (citation omitted). In this case, the jury was advised in instruction C-1 that they were the sole judges of the facts in this case. Furthermore, the jury was instructed that it was their exclusive province to determine what weight and what credibility will be assigned to the testimony and supporting evidence of each witness. Our supreme court has held "since all instructions are to be read together and if the jury is fairly instructed by other instructions, the refusal of any similar instruction does not constitute reversible error." Laney v. State, 486 So.2d 1242, 1246 (Miss.1986). Reading the instructions as a whole, we find no error in the court's refusal of instruction D-1. Accordingly, this issue is without merit.
¶ 10. THE JUDGMENT OF THE SECOND JUDICIAL DISTRICT OF THE BOLIVAR COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. SENTENCE IMPOSED TO RUN CONSECUTIVELY TO ANY AND ALL PREVIOUS SENTENCES. ALL COSTS OF THIS APPEAL ARE TAXED TO BOLIVAR COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.