THOMAS, J.,
for the court.
¶ 1. Thomas Bailey was convicted of possession of a controlled substance, marijuana, in the Circuit Court of Coahoma County and sentenced to serve three years. Aggrieved, he asserts the following issues:
I. THE TRIAL COURT ERRED BY PERMITTING CAPTAIN GILBERT TO OFFER HIS UNDISCLOSED EXPERT IDENTIFICATION TESTIMONY ABOUT THE ODOR IN THE ROOM BEING MARIJUANA.
*231 II. THE TRIAL COURT ERRED IN MODIFYING THE TENDERED LESSER-INCLUDED OFFENSE INSTRUCTION WHICH SERVED TO CONSTRUCTIVELY AMEND THE INDICTMENT.
III. THE TRIAL COURT ERRED BECAUSE THE OVERWHELMING WEIGHT OF THE EVIDENCE ONLY PROVED A MISDEMEANOR POSSESSION OF MARIJUANA.
Finding no error, we affirm.
FACTS
¶ 2. On September 22, 2000, Clarksdale Police Officers Lane and Read, and Captain Gilbert executed a search warrant issued for room 157 of the Days Inn located on Highway 61 outside of Clarksdale, Mississippi. Room 157 was registered to and occupied by Thomas Bailey. Captain Gilbert entered room 157 using a pass key to unlock the door. Gilbert testified that the room was full of smoke, which he recognized as burning marijuana. Bailey objected to Gilbert’s testimony about the odor. Gilbert found Bailey lying in bed smoking a cigarette which he quickly threw down. Several clear plastic zip-lock bags containing a green leafy substance were found in various places in the motel room. Photographs of the substance were taken and shown to the jury. The substance was tested with three separate tests, which according to the State’s expert from the Mississippi Crime Lab, conclusively proved that the substance was marijuana.
¶ 3. Bailey was tried in the Circuit Court of Coahoma County. At the close of the State’s case, Bailey made a motion for a directed verdict which was denied. Bailey did not choose to testify in his own defense nor did he present any witnesses. After less than an hour of deliberation, the jury returned a unanimous guilty verdict for felony possession of 31.6 grams of marijuana. Bailey was sentenced to serve three years under the supervision and control of the Mississippi Department of Corrections. On September 5, 2001, Bailey filed a motion for judgement notwithstanding the verdict, or, in the alternative, a new trial, alleging that he was guilty of no crime greater than misdemeanor possession of marijuana. The motion was denied on September 10, 2001. Bailey then perfected an appeal to this Court.
ANALYSIS
I. DID THE TRIAL COURT ERR BY PERMITTING CAPTAIN GILBERT TO OFFER HIS UNDISCLOSED EXPERT IDENTIFICATION TESTIMONY ABOUT THE ODOR IN THE ROOM BEING MARIJUANA?
¶ 4. Bailey argues that the trial court abused its discretion by permitting Captain Gilbert to testify that the odor he smelled upon entering the hotel room seemed to be marijuana. Bailey objected to Gilbert’s testimony, claiming that Gilbert’s ability to identify the odor of the smoke in the room was based upon his experience and training as a police officer and that this training made him an expert in the identification of the odors of burning matter.
¶ 5. Bailey relied on Ramos v. State, 710 So.2d 380 (Miss.1998), in which error was found in allowing an officer to testify in lay opinion as to the following: (1) the street value of marijuana; (2) that based on his “experience and training as a law enforcement officer” the hidden compartments in Ramos’ vehicle were sealed with fresh tar, which is used by drug smugglers to mask the smell of marijuana and blend with the under body of the car; (3) the marijuana *232 was pressed into hard bricks and wrapped in duct tape, which is the normal method used by drug smugglers to smuggle; and (4) when the packages were cut open, in his opinion, the marijuana was fresh. Ramos, 710 So.2d at 387 (¶ 32). The trial court distinguished Ramos because it involved not only the contention that the marijuana smelled fresh, but that it also included specialized knowledge regarding the packaging of marijuana and its street value. Captain Gilbert, on the other hand, testified simply to what he smelled upon entering the room. The trial court felt that although Gilbert had smelled marijuana numerous times during the course of his training and working cases, his testimony did not require any experience or expertise beyond that of an average, randomly selected adult.
¶ 6. The admission of expert testimony is addressed to the sound discretion of the trial judge. Unless we conclude that the discretion was arbitrary and clearly erroneous, amounting to an abuse of discretion, that decision will stand. Seal v. Miller, 605 So.2d 240, 243 (Miss.1992). The State asserts that Gilbert testified that Bailey-was smoking what “appeared to be a marijuana cigarette.” In the past, he had smelled burning marijuana and testified that it had a distinctive odor. When he entered Bailey’s room, he smelled that same distinctive odor. According to the State, an average, randomly selected adult would be able to identify a distinctive odor which they had smelled previously, and this does not qualify someone as an expert under M.R.E. 702.
¶ 7. Under M.R.E. 701, the testimony of a lay witness “is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to the clear understanding of his testimony or the determination of a fact in issue.” There is often a very thin line between fact and opinion. Sample v. State, 643 So.2d 524, 529 (Miss.1994). Gilbert was not asked an opinion as to whether or not the substance found inside Bailey’s room was marijuana. Instead, Gilbert was asked to describe what he experienced upon entering the room. This includes what he saw, smelled, and heard.
¶ 8. Gilbert’s testimony was based on his personal perception at the scene of the seizure, and it was helpful to determine a controverted material fact in issue, whether Bailey was in either direct or constructive possession of marijuana. The test to determine whether the opinion of a witness constitutes expert opinion testimony rather than lay opinion testimony is whether the witness possesses some experience or expertise beyond that of the average, randomly selected adult. Sample, 643 So.2d at 529. ■ Although Gilbert had the opportunity to smell burning marijuana previously during his police career, this did not make him an expert on burning plant matter. Gilbert was properly allowed to express an opinion upon his personal observation and perception of the scene itself. This included the smoke in the room, the odor of the smoke, as well as his perception of Bailey himself.
¶ 9. A trial judge enjoys a considerable amount of discretion as to the relevancy and admissibility of evidence. Unless his judicial discretion is so abused as to be prejudicial to the accused, this Court will not reverse his ruling. Shearer v. State, 423 So.2d 824, 826 (Miss.1982) (citing Page v. State, 295 So.2d 279 (Miss.1974)). “Before error can be predicated at all upon an adverse evidentiary ruling, it must appear that a substantial right of the party is affected.” Jackson v. State, 594 So.2d 20, 25 (Miss.1992). In the case at hand, the testimony was harmless because *233 the substance found in the room, after testing, proved to in fact be marijuana.
¶ 10. This issue is without merit.
II. DID THE TRIAL COURT ERR IN MODIFYING THE TENDERED LESSER INCLUDED OFFENSE INSTRUCTION AND DID IT SERVE TO CONSTRUCTIVELY AMEND THE INDICTMENT?
¶ 11. Bailey contends that the trial court erred in modifying the tendered lesser-included offense instruction which served to constructively amend the indictment. According to Bailey, the indictment did not track the statutory language, which according to Miss.Code Ann. § 41-29-139(c)(2)(C) labels felony possession of marijuana at more than thirty grams. Instead, the indictment charged Thomas with possessing 31.6 grams. Bailey argues that a lesser-included offense instruction should have been given allowing a conviction of misdemeanor possession of marijuana if any amount less than 31.6 grams was proven to have been in his possession. This, however, would not be a correct statement of law, because it would allow the jury to find misdemeanor possession if Bailey was found to be in possession of more than 30 grams but less than 31.6 grams. A jury instruction must be supported by the evidence and be a correct statement of the law. See Perry v. State, 637 So.2d 871, 877 (Miss.1994); Dedeaux v. State, 630 So.2d 30, 33 (Miss.1993); Wilson v. State, 592 So.2d 993, 997 (Miss.1991).
¶ 12. Bailey complains about jury instructions D-4a and C-18 which dealt with the. lesser-included offense and were granted by the trial court. Bailey did not object to C-18, however, and accordingly, any defect in C-18 has been waived. Walker v. State, 729 So.2d 197, 202 (¶ 19) (Miss.1998). Bailey did object to D-4a, which was reformed from his proposed instruction. Bailey contends that D-4a seriously impaired his defense because it estopped the jury from considering any amount less than 31.6 grams as simple possession. “[T]he trial court enjoys considerable discretion regarding the form and substance of jury instructions.” Higgins v. State, 725 So.2d 220, 223 (¶ 15) (Miss.1998).
In order to prevail on a claim that the trial court’s refusal to give a requested instruction was an abuse of discretion, a defendant must show that his requested instruction was (1) a correct statement of the law, (2) hot substantially covered in the jury charges as a whole, and (3) of such importance that the court’s failure to instruct the jury on that issue seriously impaired the defendant’s ability to present his given defense.
Chatman v. State, 761 So.2d 851, 854-55 (¶ 15) (Miss.2000) (citing United States v. Davis, 132 F.3d 1092, 1094 (5th Cir.1998)). Any amount less than 31.6 grams is not simple possession. Thirty grams or less is defined as simple possession under the statute. Miss.Code Ann. § 41-29-139(c)(2)(A) (Rev.2002).
¶ 13. Bailey is correct in asserting that the trial court was misled by both the State and the defense with respect to the cut-off point for misdemeanor and felony possession. The court was informed that 30 grams or more is a felony, whereas the statute reads “more than thirty grams” is a felony. Miss.Code Ann. § 41-29-139(c)(2)(C) (Rev.2002). However, this is insignificant because no reasonable, hypothetical juror could have found from the evidence that Bailey possessed exactly 30.0 grams, no more and no less.
¶ 14. The State also argues that no reasonable, hypothetical juror could have found from the testimony and evidence that Bailey possessed any amount between *234 30.0 and 31.6 grams. When asked this question by the trial court, Bailey’s counsel agreed that there was no scenario where any amount between 30.0 and 31.6 grams could be found. According to the State’s drug identification expert, the marijuana was found and tested in the form of six exhibits taken from the motel room. The marijuana in the exhibits weighed 3.17 grams, 20.47 grams, 2.49 grams, 1.68 grams, 3.75 grams, and the remainder of the burning marijuana cigarette weighed .04 grams, for a total of 31.6 grams. By this testimony, only the marijuana cigarette, which Gilbert testified that he saw Bailey throw down upon his entry to the room, if subtracted from the 31.6 gram total, would lead to a result where Bailey was in possession of between 30.0 and 31.6 grams of marijuana. By virtue of the lesser-included offense instruction, the jury could have found Bailey guilty of simple possession had it not found him in possession of any of the other five weighed exhibits. The jury did not, however, and found him guilty of possession of 31.6 grams.
¶ 15. The trial court’s reformation of the jury instruction did not serve to constructively amend the indictment and deprive Bailey of a lawful defense. Bailey’s proposed instruction was not a correct statement of the law, and the trial judge was within his discretion in reforming it.
¶ 16. This issue is without merit.
III. DID THE TRIAL COURT ERR BECAUSE THE OVERWHELMING WEIGHT OF THE EVIDENCE ONLY PROVED A MISDEMEANOR POSSESSION OF MARIJUANA?
¶ 17. Bailey asserts that the trial court erred because the overwhelming weight of the evidence only proved a misdemeanor possession of marijuana. Bailey bases his argument on testimony by the State’s drug identification expert, Carol Karr, who testified that none of the tests she performed on the substance found in Bailey’s room would, on their own, conclusively identify the substance as marijuana. Bailey argues that because of this, the jury based its decision on Captain Gilbert’s testimony, which he argued above was inadmissible.
¶ 18. The standard of review-in determining whether a jury verdict is against the overwhelming weight of the evidence is also well settled. “[T]his Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial.” Collins v. State, 757 So.2d 335, 337 (¶ 5) (Miss.Ct.App.2000) (quoting Dudley v. State, 719 So.2d 180, 182 (¶ 9) (Miss.1998)). On review, the State is given “the benefit of all favorable inferences that may reasonably be drawn from the evidence.” Collins, 757 So.2d at 337 (¶ 5) (citing Griffin v. State, 607 So.2d 1197, 1201 (Miss.1992)). “Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal.” Collins, 757 So.2d at 337 (¶ 5) (quoting Dudley, 719 So.2d at 182).
¶ 19. Bailey fails to take notice that Karr did testify that all three tests that she performed are a standard methodology used in crime labs across the country to test marijuana and although each test individually did not give a definitive conclusion, positive results in all three examinations did give conclusive evidence that the substance was, in fact, marijuana. The State, therefore, did not rely on Gilbert’s testimony to prove the substance was marijuana. Giving the State the benefit of all favorable inferences reasonably drawn from the evidence, the verdict was not *235 against the overwhelming weight of the evidence.
¶ 20. This issue is without merit.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY OF CONVICTION OF POSSESSION OF MARIJUANA, A CONTROLLED SUBSTANCE, AND SENTENCE OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. THE SENTENCE IMPOSED IN THIS CAUSE SHALL RUN CONSECUTIVELY TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, MYERS AND CHANDLER, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY. GRIFFIS, J., NOT PARTICIPATING.