864 So.2d 993 (2004)
Robert Clark CARLE, Sr., Appellant
v.
STATE of Mississippi, Appellee.
No. 2002-KA-00699-COA.
Court of Appeals of Mississippi.
January 20, 2004.
*994 Lisa D. Collums, Frank Philip Wittmann, Gulfport, attorneys for appellant.
Office of the Attorney General by Scott Stuart, attorney for appellee.
Before SOUTHWICK, P.J., THOMAS and GRIFFIS, JJ.
THOMAS, J., for the Court.
¶ 1. Robert Carle, Sr. was convicted in the Circuit Court of Harrison County of eight counts of sexual battery, one count of statutory rape, and three counts of touching a child for lustful purposes. Aggrieved, he asserts the following issues on appeal:
I. TRIAL COUNSEL WAS INEFFECTIVE AND UNDER THE TOTALITY OF THE CIRCUMSTANCES ROBERT CARLE, SR. WAS DEPRIVED HIS RIGHT TO A FAIR TRIAL.

*995 II. THE WEIGHT AND CREDIBILITY OF THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE VERDICT.
Finding no error, we affirm.

FACTS
¶ 2. During the summer of 1998, Robert Carle resided in a two bedroom apartment in Gulfport, Mississippi. Carle's then fourteen-year-old daughter, JL, lived in the apartment with him along with two sons as well as three of the older son's friends. JL's mother had left the family and the children were not allowed contact with her. Shortly after her fourteenth birthday, JL said that Carle began to make sexual jokes and grab and pinch her. JL stated that soon after Carle began to stick his hands under her clothes. By July of 1998, Carle began to touch JL constantly. Carle told JL that he would get rid of her boyfriend if she did not have sex with him. Carle intimated that the apartment was surrounded by woods and he would kill her boyfriend and bury him in the woods if she did not comply with his wishes.
¶ 3. JL allowed Carle to touch her and they later had oral, vaginal, and anal sex over the next few months. This continued until sometime in late spring, early summer of 1999 when JL left the apartment because she could not stand it any longer. JL stayed with a friend for a few days until she could locate her mother. Subsequently, she moved in with her mother for a month before going to stay with another friend for a few months. JL notified the Gulfport Police Department of the events which had occurred at Carle's apartment.
¶ 4. Before JL left the apartment, one of her friends, JM, would visit her at Carle's apartment. JM's boyfriend lived at the apartment and was a friend of Carle's oldest son. In February 1999, JM was thirteen years old. One evening, Carle instructed JM to go into his room and then to take her clothes off and get in his bed. JM did as Carle instructed and Carle kissed her and rubbed on her. On another occasion, Carle again instructed JM to get into bed with him. Carle forced her legs open and penetrated her with his finger. JM allowed Carle to do these things because he threatened her and threatened to throw her boyfriend out on the street if she did not. JM initially told the Gulfport Police Department about only the first incident with Carle and was reluctant to speak about it. Later, JM disclosed the penetration incident.
¶ 5. At the conclusion of the State's evidence, the defense moved for a directed verdict, arguing that the State failed to prove with specificity the actions for all counts. Defense counsel specifically argued that the two counts of anal penetration were only testified to in vague generalities by JL. The trial court denied the motion on all counts except to count twelve, which was one of the two specifically singled out by the defense. After closing arguments, the defense renewed all motions which were denied. The trial court then ruled on the mental capacity of Carle based upon an agreed order to have Carle examined by a psychiatrist, Dr. Henry Maggio. Dr. Maggio's report stated that in his opinion at the time of the incident, Carle knew the difference between right and wrong and could appreciate his actions and was not suffering from a mental illness. Defense counsel added that she saw nothing in her representation that would alter the opinion of Dr. Maggio. The jury returned a guilty verdict on eight counts of sexual battery, one count of statutory rape, and three counts of touching a child for lustful purposes. A judgment nisi was issue for Carle and after his apprehension, he was sentenced to a total of three hundred *996 fifteen years in the custody of the Mississippi Department of Corrections.

ANALYSIS

I. WAS TRIAL COUNSEL INEFFECTIVE AND UNDER THE TOTALITY OF THE CIRCUMSTANCES WAS ROBERT CARLE, SR. DEPRIVED HIS RIGHT TO A FAIR TRIAL?
¶ 6. Carle asserts that his trial counsel was ineffective and due to his trial counsel's ineffectiveness he was deprived his right to a fair trial under the totality of the circumstances. Carle asserts that his counsel failed to obtain and present at trial any evidence that was relevant to whether the rape and sexual battery actually occurred, including subpoenaing any witnesses who would have testified favorably for the defense and supported the defense theory that one or both of the girls were lying about Carle's actions. Carle asserts that his trial counsel failed to obtain any additional psychological testing regarding his mental state other than Dr. Maggio, and that Dr. Maggio's report was only brought up at the conclusion of trial when it was mentioned by the trial judge.
¶ 7. Carle also asserts that his counsel failed to ask follow up questions of jurors during voir dire, failed to note the race of the jurors on the jury list for the record, and failed to limit the evidence introduced by the State against Carle. This included limiting statements made by Investigator Ing who was allowed to testify regarding statements made to her by JL and JM along with several other examples of purported hearsay. Carle admits that some of the incidences may have been permissible, it is incumbent upon defense counsel to see that the State follows the rules and establishes an exception if one exists. The evidence also included statements that Carle provided marijuana and alcohol to the minors at his apartment which would consist of other crimes for which Carle was not indicted.
¶ 8. In order to prove ineffective assistance of counsel, Carle must establish by a preponderance of the evidence that (1) counsel's performance was defective, and (2) that defect was so prejudicial as to prevent Carle from having a fair trial. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Moody v. State, 644 So.2d 451, 456 (Miss. 1994). Carle faces a strong yet rebuttable presumption that counsel performed adequately, and he must show a reasonable probability that barring counsel's errors, the result of the trial would have been different. Moody, 644 So.2d at 456. "On review, we look with deference upon counsel's performance, considering the totality of the circumstances to determine whether it was both deficient and prejudicial." Conner v. State, 684 So.2d 608, 610 (Miss. 1996). Should we find that Carle's counsel was ineffective, the appropriate remedy is remand for a new trial. Moody, 644 So.2d at 456.
¶ 9. Although Carle asserts that his counsel failed to obtain and present at trial any evidence that was relevant to whether the rape and sexual battery actually occurred, he fails to mention what this evidence would have been or who the witnesses would have been that would have testified in his support. Carle mentions in his brief that one of the State's witnesses testified that JL told lies; however, he fails to mention that the witness also limited that statement about JL saying she only meant "little lies" and that she believed JL when told about Carle's actions.
¶ 10. Carle also presents no evidence supporting a finding that his trial counsel had an obligation to request additional psychological testing. Dr. Maggio *997 examined Carle and found that he knew the difference between right and wrong, was capable of assisting trial counsel, and did not suffer from any mental illness that would have contributed to his actions at the time of the offense.
¶ 11. Similarly, Carle presents no evidence that his trial counsel acted deficiently in not asking follow-up questions of potential jurors. Carle provides no identification of jurors that should have been further questioned, nor does he provide statements by jurors in support of his claim. Also, "[f]ailing to note the race of the jurors on the jury list does not raise an issue under Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), nor does it rise to the level of ineffective assistance of counsel under any authority shown to this Court." Al-Fatah v. State, 856 So.2d 494, 502(¶ 22) (Miss.Ct.App. 2003).
¶ 12. In regard to limiting testimony, the State points out that Carle's counsel allowed Investigator Ing to testify to the statements given to her by JL and JM as part of her trial strategy. Carle wanted JM's statement admitted because initially JM was reluctant to talk to Ing and JM told Ing that Carle did not penetrate her. The most probative statements in Ing's report were already in evidence since both JM and JL had already testified regarding Carle's actions. Additionally, Ing's testimony on direct about the crimes went to the place and time of the events. Carle alleges other hearsay violations but admits that some of them may have been admissible under the hearsay exceptions. Carle fails to allege these violations with specificity and fails to provide any proof of prejudice arising from them.
¶ 13. Lastly, Carle alleges that his trial counsel was deficient in not objecting to testimony that he provided marijuana and alcohol to the minors at his apartment which would be inadmissible as other crimes for which he was not indicted. Carle does not assert that both JM and JL were under the influence of either alcohol or marijuana during the incidents to which they testified. JL testified that the events took place multiple times over a period of months, and JM testified to two separate occurrences. Although the evidence should not have been admitted, it was harmless error given the unequivocal, unrebutted testimony of the victims.
¶ 14. "To warrant reversal, two elements must be shown: error, and injury to the party appealing." Triggs v. State, 803 So.2d 1229, 1235(¶ 19) (Miss.Ct.App. 2002) (citing Catholic Diocese of Natchez-Jackson v. Jaquith, 224 So.2d 216, 221 (Miss.1969)). "Error is harmless when it is trivial, formal, or merely academic, and not prejudicial to the substantial rights of the party assigning it, and where it in no way affects the final outcome of the case." Id. "[I]t is prejudicial, and ground for reversal, only when it affects the final results of the case and works adversely to a substantial right of the party assigning it." Id. In comparison to the charges against Carle, providing alcohol and marijuana paled in comparison. The failure to object to its admission does not rise to the level of prejudice required under Strickland.
¶ 15. This issue is without merit.

II. WAS THE WEIGHT AND CREDIBILITY OF THE EVIDENCE INSUFFICIENT TO SUPPORT THE VERDICT?
¶ 16. Carle asserts that the weight and credibility of the evidence was insufficient to support the verdict. Carle argues that JL's testimony contained inconsistencies and that there was testimony that JL had a propensity to lie. Carle also argues that JM's claims lacked specificity. Carle *998 argues that with as many people living in his small two bedroom apartment, there would have been witnesses to the events described by JL and JM if they actually took place.
¶ 17. "If there is sufficient evidence to support a verdict of guilty, this Court will not reverse." Meshell v. State, 506 So.2d 989, 990 (Miss.1987). See also Haymond v. State, 478 So.2d 297, 300 (Miss.1985); Fairley v. State, 467 So.2d 894, 902 (Miss. 1985). This Court should reverse only where, "with respect to one or more elements of the offense charged, the evidence so considered is such that reasonable and fair minded jurors could only find the accused not guilty." Alexander v. State, 759 So.2d 411, 421(¶ 23) (Miss.2000) (quoting Gossett v. State, 660 So.2d 1285, 1293 (Miss.1995)).
¶ 18. The standard of review in determining whether a jury verdict is against the overwhelming weight of the evidence is also well settled. "[T]his Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." Collins v. State, 757 So.2d 335, 337(¶ 5) (Miss.Ct.App.2000) (quoting Dudley v. State, 719 So.2d 180, 182(¶ 9) (Miss. 1998)). On review, the State is given "the benefit of all favorable inferences that may reasonably be drawn from the evidence." Collins, 757 So.2d at 337(¶ 5) (citing Griffin v. State, 607 So.2d 1197, 1201 (Miss. 1992)). "Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal." Collins, 757 So.2d at 337(¶ 5) (quoting Dudley, 719 So.2d at 182).
¶ 19. "[T]he Mississippi Supreme Court has held that the `totally uncorroborated testimony of a victim is sufficient to support a guilty verdict where that testimony is not discredited or contradicted by other evidence.'" Taylor v. State, 836 So.2d 774, 777(¶ 13) (Miss.Ct.App.2002) (quoting Christian v. State, 456 So.2d 729, 734 (Miss.1984)). Additionally, JL's younger brother testified that he heard Carle tell JL that she was "sweet as sugar and nice as strawberries" and that he heard sounds which he described as the sounds of smacking or french kissing. It is the jury's duty to resolve conflicts in testimony. Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). Similarly, inconsistencies and other matters of credibility and weight are for the jury to resolve. Kimbrough v. State, 379 So.2d 934, 936 (Miss.1980).
¶ 20. There is sufficient evidence for a reasonable and fair minded juror to find Carle guilty of the crimes with which he was charged. Accepting as true the evidence which supports the verdict, the verdict was not against the overwhelming weight of the evidence. This issue is without merit.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY OF CONVICTION OF EIGHT COUNTS OF SEXUAL BATTERY AND SENTENCE OF THIRTY YEARS ON EACH COUNT, ONE COUNT OF STATUTORY RAPE AND SENTENCE OF THIRTY YEARS, AND THREE COUNTS OF TOUCHING A CHILD FOR LUSTFUL PURPOSES AND SENTENCE OF FIFTEEN YEARS ON EACH COUNT, ALL SENTENCES TO RUN CONSECUTIVELY FOR A TOTAL OF THREE HUNDRED FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
*999 McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.