864 So.2d 1031 (2004)
David Michael RAY, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-00961-COA.
Court of Appeals of Mississippi.
February 3, 2004.
*1032 Allan D. Shackelford, Clarksdale, attorney for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before SOUTHWICK, P.J., THOMAS and GRIFFIS, JJ.
THOMAS, J., for the Court.
¶ 1. David Michael Ray was convicted in the Circuit Court of Tunica County of grand larceny and was sentenced to five years in the custody of the Mississippi Department of Corrections and ordered to pay a fine of $1,000. Aggrieved, he asserts the following issues on appeal:
I. THE TRIAL COURT ERRED IN REFUSING JURY INSTRUCTION D-2.
II. THE TRIAL COURT ERRED IN FAILING TO GRANT A JUDGMENT NOTWITHSTANDING THE VERDICT.
III. THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
Finding no error, we affirm.

FACTS
¶ 2. Deputy Cedric Davis of the Tunica County Sheriff's Department testified that he was traveling south on Old Highway 61 on April 9, 2000, when he noticed an older model Ford LTD pulling a large portable tank on a trailer. Deputy Davis noticed that the trailer did not have a tag or any taillights and that the vehicle was using a tire iron as a pull pin and was leaving a trail of sparks off of the pavement. Deputy Davis and another Tunica County sheriff's deputy pulled the vehicle over and *1033 identified the driver of the vehicle as David Michael Ray. An inebriated female, Donna Crosby, was a passenger in the vehicle.
¶ 3. When the deputies inquired where Ray was taking the tank, he stated that he was taking it to DeSoto County for a farmer whose name he could not remember. The deputies then contacted the narcotics unit and inquired about portable tanks in the area. Using information from the narcotics unit, the deputies contacted the manager of a farm owned by Brad Cobb which was located approximately three or four miles from the scene of the stop. The manager of the farm came to the scene and identified the tank as one of his that he had last seen approximately four hours before the stop.
¶ 4. At trial, Donna Crosby testified that earlier in the evening on April 9, she and Ray were at his sister's house drinking and having a good time when they decided to go to Tunica to gamble. Crosby consumed a large amount of alcohol and testified to remembering almost nothing from her arrival at the casino in Tunica to her arrival in jail. She did recall a light at the time of the stop and seeing something large behind the car that had a sign that read "nonflammable gas." This object was not attached to the car when they left Ray's sister's house. Crosby testified that she did not recall having anything to do with the tank.
¶ 5. Ray testified that while gambling at the Hollywood casino, he met up with an old friend, David Shelton, who has since died of Hodgkin's disease. Ray testified that he played slots with Shelton, and that Crosby informed them that she was leaving the casino and would meet up with them later. Ray and Shelton then went to the Horseshoe Casino to eat the buffet. Approximately an hour and a half after Crosby left, Ray and Shelton left the casino and traveled down Old Highway 61. They came upon Crosby on the side of the road putting water in the radiator of her Ford LTD. The car was hooked up to a large portable tank on a trailer. Ray testified that he offered to help Crosby and drive the car to a gas station on Old 61. As he did so, he was pulled over by the Tunica County sheriff's deputies. Ray denies having had any knowledge of the theft of the tank.
¶ 6. At the conclusion of the trial, a jury found Ray guilty of grand larceny, and he was sentenced to a term of five years in the custody of the Mississippi Department of Corrections and ordered to pay a fine of $1,000. Ray then perfected an appeal to this Court.

ANALYSIS

I. THE TRIAL COURT ERRED IN REFUSING JURY INSTRUCTION D-2.
¶ 7. Ray asserts that the trial court erred in refusing his jury instruction D-2 which supported his theory of the case. Ray argues that there was no direct evidence as to who stole the tank in regard to who actually carried the tank away from the owner's possession. According to Ray, the sole inculpatory evidence against him was that he was in possession of recently stolen property. Since his theory was that he came into possession of the tank after someone else had taken it from the rightful owner, Ray tendered an instruction to the court which read as follows:
The Court instructs the jury that unless the State has proven beyond a reasonable doubt and to the exclusion of every reasonable hypothesis consistent with innocence, that the defendant took possession of the anhydrous ammonia tank allegedly stolen or aided or abetted others to do so, at a time that the tank was still *1034 in the possession of Brad Cobb or his agents, then you shall find the defendant not guilty.
¶ 8. After Ray tendered the above instruction, the prosecution objected arguing that the instruction was redundant and an incorrect statement of the law. The prosecution argued that circumstantial evidence had already been covered in the jury instructions, and that the instructions already stated that in order to convict Ray of aiding and abetting it must be found that he voluntarily participated in the crime with the intent to violate the law. Ray's theory of the case was that he was helping Donna Crosby out on the side of the road and had no intent to violate the law. Also, the prosecutor pointed out that the language "at a time that the tank was still in the possession of Brad Cobb or his agents" was an incorrect statement of the law, since a person could aid or abet a grand larceny after possession had already changed hands. The trial court, finding a problem in the wording, agreed with the prosecutor and refused the instruction.
¶ 9. "A defendant is entitled to have jury instructions given presenting his theory of the case, but a proposed instruction can be refused if it incorrectly states the law, is fairly covered elsewhere in other instructions, or is without foundation in the evidence." Davis v. State, 849 So.2d 1252, 1254 (¶ 9) (Miss.2003) (citing Poole v. State, 826 So.2d 1222, 1230 (Miss.2002); Jones v. State, 797 So.2d 922, 927 (Miss. 2001); Adams v. State, 772 So.2d 1010, 1016 (Miss.2000); Higgins v. State, 725 So.2d 220, 223 (Miss.1998)). In the case at bar, Ray's instruction did not properly state the law, as was noted by both the prosecutor and the trial court. Mississippi Code Annotated Section 97-17-41 (Rev. 2003) does not require "possession by the owner or agent" as Ray proposed in his instruction. Ray's theory of helping Donna Crosby and having no knowledge or intent regarding the tank was covered by other instructions which clearly stated that the prosecution must prove his intent to violate the law.
¶ 10. This issue is without merit.

II. THE TRIAL COURT ERRED IN FAILING TO GRANT A JUDGMENT NOTWITHSTANDING THE VERDICT.

III. THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
¶ 11. Ray asserts that the trial court erred in failing to grant his motion for a judgment notwithstanding the verdict. Ray argues that the case against him was purely circumstantial and that the proof was not beyond a reasonable doubt. Merely being in possession of the tank was insufficient for the jury to find him guilty of grand larceny. Ray asserts alternatively that the verdict was against the overwhelming weight of the evidence and that he should at the very least be entitled to a new trial.
¶ 12. A motion for a directed verdict, request for peremptory instruction, and motion for judgment notwithstanding the verdict all challenge the legal sufficiency of the evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993). "If there is sufficient evidence to support a verdict of guilty, this Court will not reverse." Meshell v. State, 506 So.2d 989, 990 (Miss.1987). See also Haymond v. State, 478 So.2d 297, 300 (Miss.1985); Fairley v. State, 467 So.2d 894, 902 (Miss.1985). This Court should reverse only where, "with respect to one or more elements of the offense charged, the evidence so considered is such that reasonable and fair minded jurors could only find the accused not guilty." Alexander v. State, 759 So.2d 411, *1035 421(¶ 23) (Miss.2000) (quoting Gossett v. State, 660 So.2d 1285, 1293 (Miss.1995)).
¶ 13. The standard of review in determining whether a jury verdict is against the overwhelming weight of the evidence is also well settled. "[T]his Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." Collins v. State, 757 So.2d 335, 337(¶ 5) (Miss.Ct.App.2000) (quoting Dudley v. State, 719 So.2d 180, 182(¶ 9) (Miss. 1998)). On review, the State is given "the benefit of all favorable inferences that may reasonably be drawn from the evidence." Collins, 757 So.2d at 337(¶ 5) (citing Griffin v. State, 607 So.2d 1197, 1201 (Miss. 1992)). "Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal." Collins, 757 So.2d at 337(¶ 5) (quoting Dudley, 719 So.2d at 182).
¶ 14. In the case at bar, Ray was stopped while driving a vehicle that was pulling a stolen tank, only several miles away from the farm from which the tank had been stolen. Upon being stopped, Ray attempted to provide an explanation that he was transporting the tank for a farmer in DeSoto County whom he could not name. At trial, his explanation changed to include testimony that he stopped to help Crosby with an overheated vehicle. Crosby was his friend with whom he had ridden to the casino earlier in the evening. Other testimony at trial provided that Crosby was highly intoxicated at the time of the stop, making Ray's explanation neither reasonable nor credible.
¶ 15. It has been established that "the jury is the judge of the weight and credibility of testimony and is free to accept or reject all or some of the testimony given by each witness." Meshell v. State, 506 So.2d at 991. See also Hilliard v. State, 749 So.2d 1015, 1017(¶ 9) (Miss. 1999); Lewis v. State, 580 So.2d 1279, 1288 (Miss.1991); Gandy v. State, 373 So.2d 1042, 1045 (Miss.1979). As trier of fact, it was the jury's duty to determine what evidence was to be believed and what evidence was to be disregarded. Mangum v. State, 762 So.2d 337, 347(¶ 36) (Miss.2000).
¶ 16. There is sufficient evidence for a reasonable and fair minded juror to find Ray guilty of the crime with which he was charged. Accepting as true the evidence which supports the verdict, the verdict was not against the overwhelming weight of the evidence. Ray's assertions of error are without merit.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF TUNICA COUNTY OF CONVICTION OF GRAND LARCENY AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH SENTENCE TO RUN CONSECUTIVELY TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED, FINE OF $1,000 AND FULL RESTITUTION TO VICTIM IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE TUNICA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.