THOMAS, J.,
for the Court.
¶ 1. Perry Ray Richardson was convicted of two counts of shoplifting and was sentenced to two concurrent five year sentences in the custody of the Mississippi Department of Corrections and fined $1,000. Aggrieved, he asserts the following issues on appeal:
I. THE TRIAL COURT ERRED IN DENYING RICHARDSON’S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR IN THE ALTERNATIVE FOR A NEW TRIAL.
II. THE TRIAL COURT ERRED IN DENYING RICHARDSON’S PRO *391 POSED JURY INSTRUCTION, D-4, A PEREMPTORY INSTRUCTION.
Finding no error, we affirm.
FACTS
¶ 2. On January 18, 2002, Officer George Murray was on bicycle patrol at the Home Depot parking lot in Horn Lake, Mississippi. Officer Murray noticed a black woman leaving the store in a hurry carrying a large white bag through a door which he knew did not have a checkout. The woman ran to a maroon car, which was driven by a black male. Officer Murray became immediately suspicious of the activity. As the car left rapidly, it almost hit Officer Murray. Murray radioed for help, giving a partial tag number and brief description of the car, and gave chase on his bicycle. Although he lost sight of the car briefly, Murray came upon the car parked outside of a Papa John’s Pizza restaurant and Blockbuster video rental store less than a half-mile from the Home Depot. The partial tag number matched and the white bag was still in the car, but the driver and passenger were gone. Other officers arrived on the scene and began to check the area behind the stores and inside the Papa John’s restaurant. One officer went into Blockbuster and found a jacket on the floor in the middle of the aisle. The officer questioned a black woman in the store, Erica Blevins, who initially told the officer that she had arrived in a green station wagon and knew nothing of the maroon car. An employee at Blockbuster told the officer that a man had entered the store in a hurry and had gone straight to the restroom. The officer knocked on the restroom door but received no response, although the toilet was flushed and the hand dryer ran alternately for several minutes. After a few minutes had passed and the hand dryer and toilet were run multiple times, Perry Ray Richardson emerged from the restroom. Richardson initially gave officers a false name and social security number and denied having arrived in the maroon car, claiming that his girlfriend had dropped him off. Richardson had no identification or money on him when he emerged from the restroom. Attempts to reach his girlfriend failed, and although the officers were at the store for an extended period of time, no one came to pick him up.
¶ 3. Meanwhile, officers continued to question the other people in the store, including Erica Blevins. Blevins changed her story to say that she had been dropped off in a cream colored Oldsmobile. Blevins was then identified by Officer Murray as the woman who ran out of the Home Depot carrying the white bag. Blevins then admitted to Detective Danielle McKenzie that she had been in the maroon car and that Richardson had been with her. In a later written statement, Blevins described how “a man” whom she had orally identified as Richardson, had driven her to Home Depot and told her to steal certain items and to exit a certain door. Officers retrieved the .white bag from the maroon car and found Home Depot merchandise but no receipt. The merchandise was returned to Home Depot where a store employee determined the value of the stolen goods to be $470 before tax.
¶ 4. Richardson and Blevins were indicted for conspiracy to commit felony shoplifting and felony shoplifting. The State amended the indictment on August 29, 2002, to charge Richardson as a habitual offender. At trial, Officer Murray testified regarding the initial events at the Home Depot and positively identified Richardson as the driver of the maroon car. Murray testified that he was able to view the car for approximately a minute and a half and that he got a good look at the driver as the car almost ran over him as it left the parking lot. Officer Murray’s report did *392 not mention his identification of the driver of the car and he admitted that he did not see- who exited the car because he lost sight of it briefly.
¶ 5. Several other officers testified for the State regarding the events at the Blockbuster, including finding Richardson in the bathroom. Detective Danielle McKenzie testified that no fingerprints were taken at the scene. McKenzie testified that Officer Murray advised her that he could identify Richardson as the driver of the car, but this did not appear in McKenzie’s report. McKenzie testified that Blevins indicated. Richardson was the driver of the car, although Blevins’ statement did not identify him by name. A Home Depot employee testified regarding the value of the merchandise found in the white bag and for which no receipt was ever produced.
¶ 6. The State rested its case in chief and Richardson moved for a directed verdict of acquittal, arguing that the State had failed to meet its required burden of proof. The trial court denied Richardson’s motion and Richardson presented his case. Richardson’s fiancée, Lakeica Gross, testified on his behalf. Gross testified that she and Richardson had traveled from Memphis to DeSoto County in order to do some shopping. On the way she filled out an application at a liquor store which was dated on January 18, 2002, the day of the shoplifting at the Home Depot. The application was not completed, however, and did not contain any information to prove where it had come from or that it was actually filled out on that date.
¶ 7. Gross testified that she had dropped Richardson off at the Blockbuster in order to obtain a Blockbuster card. She went and did some shopping at Super K-mart and when she'returned he was not there. Gross testified on cross-examination that she had dropped Richardson off at the Blockbuster near the Super K-mart on State Line Road. The State pointed out in closing arguments that this was not the Blockbuster where Richardson was found by the officers. The officers’ testimony was that Blevins and Richardson were found at the Blockbuster on Goodman Road, less than a mile away from the Home Depot.
. ¶ 8. Erica Blevins also testified for the defense. Blevins pled guilty to shoplifting and by the time of trial had recanted her prior statement. Blevins testified that she owned the maroon car and that she and her' boyfriend, Terrence Morning, had shoplifted at Home Depot and attempted to evade the police. Blevins testified that she wenb inside Blockbuster and Morning ran around the back of the building. Blevins stated that she did not know Richardson nor his family.. On cross, Blevins was asked if she had' received a ride from Richardson’s brother to the courthouse, she admitted only to walking in with him and testified that she had just met him outside the courthouse.
¶ 9. At the conclusion of Richardson’s case, the trial court denied Richardson’s proposed peremptory instruction asking the court to instruct the jury to return a verdict of not guilty. After deliberating, the.jury returned a unanimous verdict of guilty on both counts. Richardson was sentenced to five years on each count to run concurrently and fined $1,000 on each count.
ANALYSIS
I. DID THE TRIAL COURT ERR IN DENYING RICHARDSON’S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR IN THE ALTERNATIVE FOR A NEW TRIAL?
*393 II. DID THE TRIAL COURT ERR IN DENYING RICHARDSON’S PROPOSED JURY INSTRUCTION, D-4, A PEREMPTORY INSTRUCTION?
¶ 10. Richardson asserts that the trial court erred in denying his motion for judgment notwithstanding the verdict or in the alternative for a new trial. Also, Richardson argues that the trial court erred in denying his peremptory instruction. According to Richardson, the sufficiency of the evidence did not support the verdict. In the alternative, Richardson argues that the jury verdict was against the overwhelming weight of the evidence.
¶ 11. A motion for a directed verdict, request for peremptory instruction, and motion for judgment notwithstanding the verdict all challenge the legal sufficiency of the evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993). “If there is sufficient evidence to support a verdict of guilty, this Court will not reverse.” Meshell v. State, 506 So.2d 989, 990 (Miss.1987). See also Haymond v. State, 478 So.2d 297, 300 (Miss.1985); Fairley v. State, 467 So.2d 894, 902 (Miss.1985). This Court should reverse only where, “with respect to one or more elements of the offense charged, the evidence so considered is such that reasonable and fair minded jurors could only find the accused not guilty.” Alexander v. State, 759 So.2d 411, 421(¶ 23) (Miss.2000) (quoting Gossett v. State, 660 So.2d 1285, 1293 (Miss.1995)).
¶ 12. A motion for new trial challenges the weight of the evidence. McClain, 625 So.2d at 781. The standard of review in determining whether a jury verdict is against the overwhelming weight of the evidence is also well settled. “[T]his Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial.” Collins v. State, 757 So.2d 335, 337(¶ 5) (Miss.Ct.App.2000) (quoting Dudley v. State, 719 So.2d 180, 182(¶ 9) (Miss.1998)). On review, the State is given “the benefit of all favorable inferences that may reasonably be drawn from the evidence.” Collins, 757 So.2d at 337(¶ 5) (citing Griffin v. State, 607 So.2d 1197, 1201 (Miss.1992)). “Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal.” Collins, 757 So.2d at 337(¶ 5) (quoting Dudley, 719 So.2d at 182).
¶ 13. The evidence presented by the State included testimony from several officers regarding the events after the shoplifting at Home Depot, including an in-eourt identification of Richardson as the driver of the maroon car by Officer Murray. Richardson put two witnesses on the stand in his defense. His fiancé testified that she dropped Richardson off at a Blockbuster, but she testified to a different location than the Blockbuster at which Richardson was found. Erica Blevins recanted her earlier statements which led the officers to believe Richardson was her accomplice, testifying instead that her boyfriend drove the car. Blevins also testified that she had never met Richardson and had never even seen him until the day before trial. It would appear difficult for her not to have noticed him in the Blockbuster on the day in question at a minimum. It is, however, the jury’s duty to resolve conflicts in testimony. Groseclose v. State, 440 So.2d 297, 300 (Miss.1983).
¶ 14. Although the State could have presented more evidence against Richardson, the evidence was sufficient that a reasonable and fair minded juror could find him guilty of conspiracy to commit and committing felony shoplifting. Giving the benefit of all favorable inferences that *394 may reasonably be drawn from the evidence to the State and accepting as true the evidence which supports the verdict, the trial court’s denial of Richardson’s motion for a new trial was not an abuse of discretion. Richardson’s assignments of error are without merit.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF COUNT I, CONSPIRACY TO COMMIT FELONY SHOPLIFTING AND SENTENCE OF FIVE YEARS, AND COUNT II, FELONY SHOPLIFTING AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS TO RUN CONCURRENTLY TO THE SENTENCE IMPOSED IN COUNT I, AND FINE OF $1,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.