¶ 1. Cornelius Taylor was convicted in the Circuit Court of Pearl River County of sexual battery and child molestation. On appeal, Taylor argues the following issues which we quote verbatim:
 I. Whether the evidence was legally insufficient to convict Cornelius Taylor of sexual battery and child molestation where the prosecution's testimony was contradictory and impeached through the prosecutrix [sic] own testimony and where it was uncorroborated.
 II. Whether the trial court abused its discretion in failing to submit the matter to a new jury when the substantial weight of the evidence, as defined by the burden of proof, did not favor the verdicts of guilt [sic] as to sexual batter [sic] and child molestation.
 III. Whether error relating to inadmissible hearsay, other inadmissible testimony, and a jury instruction together or singly [sic] prejudiced Taylor's right to a fair trial.
 IV. Whether the trial court abused its discretion in failing to give a special interrogatory with the general verdict forms requesting a factual verification that no juror had considered Taylor's not testifying in reaching a verdict.
 FACTS
¶ 2. On October 20, 1998, Taylor was indicted on three counts of sexual offenses against a child. The indictment charged Taylor with capital rape, sexual battery, and child molestation of his daughter, S.T.[1]
¶ 3. Before trial, Taylor made two motions in limine. In his first motion, Taylor requested the exclusion of any statements made to Dr. Pam Wiseman but not included as a part of her medical report. This motion was denied. Taylor's second motion in limine requested that the testimony of Kimberly Taylor (the victim's aunt) be limited to that information included in her written statement of November 20, 1997. The court granted this motion.
¶ 4. At the time of trial, S.T., the victim, was fourteen years old. She testified to three incidents of sexual abuse by Taylor. The first was in May 1994, when she was *Page 776 
eight years of age. Taylor, who was taking a bath, told her to undress and get in the bath tub with him. She did and Taylor inserted his penis into her vagina.
¶ 5. The second incident happened in June of 1996 when S.T. was ten years old. As she and Taylor lay on the floor on a mattress, he began to rub his finger in her vagina, and made her touch his penis.
¶ 6. The last incident happened in February of 1997. S.T. was asleep in her bedroom when Taylor came into the room and started rubbing her vagina and masturbating. After this incident, S.T. moved in with her aunt, Kimberly Taylor.
¶ 7. In July of 1997, the Department of Human Services was contacted about allegations of sexual abuse against S.T. In July 1997, S.T. was seen by Dr. Wiseman for evaluation of possible sexual abuse. Dr. Wiseman obtained a medical history but conducted no physical examination. Instead, she referred S.T. to a doctor, who could conduct the appropriate forensic examination.
¶ 8. At trial, Taylor's date of birth, May 7, 1948, and his age, 42, were stipulated.
 ANALYSIS I. Whether the evidence was legally insufficient to convict Cornelius Taylor of sexual battery and child molestation where the prosecution's testimony was contradictory and impeached through the prosecutrix's own testimony and where it was uncorroborated.
¶ 9. Taylor argues that there was insufficient evidence of penetration and molestation to have convicted him. Taylor argues that there was a lack of medical evidence of penetration and molestation, and that the victim's testimony was uncorroborated and inconsistent.[2]
¶ 10. Mississippi Code Annotated Section 97-3-95 defines sexual battery as follows: A person is guilty of sexual battery if he or she engages in sexual penetration with . . . (d) A child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child." Mississippi Code Annotated Section 97-3-97
defines sexual penetration as follows: "Sexual penetration includes cunnilingus, fellatio, buggery or pederasty, any penetration of the genital or anal opening of another person's body by any part of a person's body, and insertion of any object into the genital or anal opening of another person's body."
¶ 11. Mississippi Code Annotated Section 97-5-23 defines molestation as follows:
 Any person above the age of eighteen (18) years, who, for the purpose of gratifying his or her depraved licentious sexual desires, shall handle, touch or rub with hands or any part of his or her body or any member thereof, any child younger than himself or herself and under the age of eighteen (18) years who is not such person's spouse, with or without the child's consent, when the person occupies a position of trust or authority over the child shall be guilty of a felony. . . .
Miss. Code Ann. Section 97-5-23 (Rev. 2000).
¶ 12. S.T. testified that in June of 1996 when she was ten years old, her father put his finger in her vagina. S.T. testified that in February of 1997 when she was eleven, *Page 777 
her father came into her bedroom one morning and started rubbing her vagina and masturbating. These incidents occurred when S.T. was under the age of fourteen.
¶ 13. The Mississippi Supreme Court has held that the "totallyuncorroborated testimony of a victim is sufficient to support a guilty verdict where that testimony is not discredited or contradicted by other evidence." Christian v. State, 456 So.2d 729, 734 (Miss. 1984).
¶ 14. Moreover, portions of S.T.'s account of these events were corroborated. Two witnesses testified as to the February 1997 incident. Dorothy Taylor, the appellant's wife, testified to having found Taylor in bed with S.T. under the blankets. Upon witnessing this incident, Dorothy Taylor testified that she screamed and Taylor jumped off of his daughter at that time. Kimberly Taylor testified to having spoken with S.T. about this incident on the same day it occurred.
¶ 15. In reviewing whether the verdict was contrary to the weight of the evidence, "this Court is duty bound to accept as true all evidence favorable to the State." Johnson v. State, 626 So.2d 631, 633 (Miss. 1993). In doing so, the testimony of S.T. was legally sufficient to establish penetration and molestation.
 II. Whether the trial court abused its discretion in failing to submit the matter to a new jury when the substantial weight of the evidence, as defined by the burden of proof, did not favor the verdicts of guilty as to sexual battery and child molestation.
¶ 16. Taylor also challenges whether the verdict was supported by the substantial weight of the evidence. He questions the testimonies of Kimberly Taylor and the babysitter, Betty Odom, who both stated that Taylor failed to deny sexually abusing his daughter when confronted by each of them. Taylor also questions the lack of medical evidence to corroborate S.T.'s account of abuse.
 The weight of the evidence is tested in a light most favorable to the State, with all credible evidence consistent with guilt accepted as true and every favorable inference given to the prosecution; reversal may be had only where reasonable and fair-minded jurors could only find the accused not guilty. In determining whether a jury verdict is against the overwhelming weight of the evidence the court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial.
Allen v. State, 749 So.2d 1152 (¶ 19) (Miss.Ct.App. 1999) (citations omitted).
¶ 17. After so doing, there appears to be substantial and credible evidence upon which fair minded jurors could, and did, find Taylor guilty beyond a reasonable doubt.
 III. Whether error relating to inadmissible hearsay, other inadmissible testimony, and a jury instruction together or singularly prejudiced Taylor's right to a fair trial.
¶ 18. Taylor claims cumulative error in his third assignment of error. He contends that Kimberly Taylor's testimony should have been limited to her written statement. He asserts that Dr. Wiseman's testimony was irrelevant and prejudicial because she failed to examine S.T.
¶ 19. Also, Taylor argues that the trial court failed to give a proper instruction on the law of penetration. Taylor contends *Page 778 
that these errors taken separately are reversible error. Additionally, he states that the alleged errors taken together suggest that his right to a fair trial was prejudiced and his conviction should be reversed and the case remanded for a new trial.
Kimberly Taylor's testimony
¶ 20. These allegations are without merit. A review of the record does not reflect that Kimberly Taylor so deviated from her written statement as to have prejudiced Taylor. While there were numerous objections to this testimony by Taylor, the trial court took great care to generally limit Kimberly Taylor's testimony.
¶ 21. Rule 103 of the Mississippi Rules of Evidence provides that the admission or exclusion of evidence shall not serve as a predicate for error unless it affects a substantial right of the party affected. The testimony which Taylor complained of did not affect a substantial right. Additionally, when an objection was sustained, the jury was instructed to disregard the testimony. The jury is presumed to follow the court'sinstruction. Hall v. State, 785 So.2d 302 (¶ 12) (Miss. Ct. App. 2001).
Dr. Wiseman's testimony
¶ 22. The record reveals that Dr. Wiseman's testimony was limited to her actions in diagnosing and treating S.T.
¶ 23. Mississippi Rule of Evidence 803 (4) provides:
 Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment, regardless of to whom the statements are made, or when the statements are made, if the court, in its discretion, affirmatively finds that the proffered statements were made under circumstances substantially indicating their trustworthiness. For purposes of this rule, the term "medical" refers to emotional and mental health as well as physical health.
¶ 24. Dr. Wiseman was contacted to evaluate S.T. for possible sexual abuse. Because Dr. Wiseman's actions were for the purposes of diagnosis and treatment, her testimony was relevant and admissible under M.R.E. 803 (4).
Trial court's instruction on law of penetration
¶ 25. Taylor claims to have been prejudiced by the giving of instruction S5, which states:
 The Court instructs the jury that if you find from the evidence beyond a reasonable doubt that Cornelius Taylor, engaged in sexual penetration with [S.T.], it is not required that there be a showing of force or violence. Further, the Court instructs the Jury that there is no requirement that there be lacerations or tearing to the vagina if you find that there was sexual penetration, due to the age of the victim.
¶ 26. Jury instructions are to be read as a whole. If in so doing, the court correctly informs the jury of the applicable laws, there is no error. Milano v. State, 790 So.2d 179 (¶ 14) (Miss. 2001).
¶ 27. The trial court granted instructions D8A, D9A and D10A submitted by the defendant, which addressed respectively, the elements of (1) sexual battery, (2) child molestation and (3) rape. When viewed as a whole, the instructions fully and fairly instructed the jury.
¶ 28. This Court also notes that the complained of language goes to the charge of rape, of which Taylor was acquitted. *Page 779 
 IV. Whether the trial court abused its discretion in failing to give a special interrogatory with the general verdict forms requesting a factual verification that no juror had considered Taylor's not testifying in reaching a verdict.
¶ 29. Lastly, Taylor says that a special interrogatory should have been submitted to the jury to determine whether his failure to testify was considered in reaching a verdict. The trial court in C-4 directed the jury to not consider and draw no conclusion or inference from Taylor's failure to testify.
¶ 30. The jury is presumed to follow the court's instruction. In the absence of evidence of misconduct, no such inquiry is appropriate.
¶ 31. Accordingly, the trial court did not abuse its discretion or violate any of Taylor's constitutional rights when it refused to give a special interrogatory.
¶ 32. THE JUDGMENT OF THE CIRCUIT COURT OF PEARL RIVER COUNTY OFCONVICTION OF COUNT ONE SEXUAL BATTERY AND SENTENCE OF THIRTY YEARS WITHFIFTEEN YEARS SUSPENDED ON POST-RELEASE SUPERVISION AND CONVICTION OFCOUNT TWO OF CHILD MOLESTATION AND SENTENCE OF TEN YEARS WITH FIVE YEARSSUSPENDED ON POST-RELEASE SUPERVISION, ALL IN THE CUSTODY OF THEMISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. SENTENCE IN COUNT TWOSHALL RUN CONSECUTIVELY TO SENTENCE IN COUNT ONE. ALL COSTS OF THISAPPEAL ARE ASSESSED TO PEARL RIVER COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS,CHANDLER AND BRANTLEY, JJ., CONCUR.
[1] S.T. had lived with her father, Taylor, all of her life until February 1997. At the time of trial, S.T. was living in Florida with her biological mother, stepfather and brother and sister.
[2] In his brief, Taylor states that S.T.'s testimony is inconsistent with a videotape recorded statement in 1998. The record before this Court does not include that videotape, and no consideration will be given to it.