859 So.2d 1028 (2003)
Russell Lee (Rusty) WRIGHT, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-00703-COA.
Court of Appeals of Mississippi.
November 18, 2003.
*1029 William C. Stennett, attorney for appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before SOUTHWICK, P.J., THOMAS and IRVING, JJ.
THOMAS, J., for the Court.
¶ 1. Russell Lee (Rusty) Wright was convicted in the Circuit Court of Lee County of sexual battery and sentenced to serve twenty years in the custody of the Mississippi Department of Corrections. Aggrieved, he asserts the following issues on appeal:
I. THE VERDICT OF THE JURY WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE AND CONTRARY TO THE LAW.
II. THE TRIAL COURT ERRED IN ALLOWING INADMISSIBLE HEARSAY EVIDENCE DURING THE STATE'S CASE IN CHIEF.
Finding no error, we affirm.

FACTS
¶ 2. Russell Lee (Rusty) Wright was indicted and charged with sexual battery of *1030 a child under sixteen years. The alleged victim was a six year old girl. The mother of the victim testified at trial that she first became aware of a potential problem when her daughter threw a fit and did not want to be left alone with Rusty one night. The next day, the mother questioned her daughter and the child said that she did not want to be left alone with Rusty because he had touched her inappropriately.
¶ 3. On April 12, 2000, the mother reported this touching to the Department of Human Services, and the situation was investigated by Angela Terry. Ms. Terry interviewed the victim and testified at trial about this interview. After the interview, an appointment was made for a sexual abuse exam and the Lee County Sheriff's Office was contacted. A deputy also interviewed the victim and testified that she gave him a similar account. Dr. William Marcy performed an exam on the victim and testified that he found evidence of sexual abuse based on the ease of Q-tip insertion into the vaginal area of the victim, and the fact that the vaginal opening of the victim was at the outer edge of the range expected in a child of the victim's age. Dr. Marcy testified that this evidence was the sole basis for his opinion and there was nothing definitive outside of that evidence.
¶ 4. At the conclusion of the trial, the jury found Rusty Wright guilty as charged. Wright was sentenced to a term of twenty years' imprisonment. Wright moved for a motion for judgment notwithstanding the verdict which was denied. Wright then perfected an appeal to this Court.
I. THE VERDICT OF THE JURY WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE AND CONTRARY TO THE LAW.
¶ 5. Rusty Wright alleges that the jury verdict was against the overwhelming weight of the evidence and contrary to the law. Wright contends that the physical evidence did not support the conviction, and that the victim's testimony on cross-examination changed regarding the number of times the alleged touching took place and whether or not she was forced to touch his "private spot." Wright challenges both the weight and sufficiency of the evidence against him.
¶ 6. In regard to the physical evidence, "the Mississippi Supreme Court has held that the `totally uncorroborated testimony of a victim is sufficient to support a guilty verdict where that testimony is not discredited or contradicted by other evidence.' " Taylor v. State, 836 So.2d 774, 777(¶ 13) (Miss.Ct.App.2002) (quoting Christian v. State, 456 So.2d 729, 734 (Miss.1984)). Therefore, Wright's conviction does not depend on any medical or physical evidence. As in Christian and Taylor, there was corroborating evidence to support the victim's testimony. The victim's testimony was corroborated by her mother, the counselor from the Department of Human Services, a law enforcement officer, and a doctor. Dr. Marcy testified to better than a reasonable degree of medical certainty that the victim had been digitally penetrated. Other than the victim's testimony on cross-examination, Wright fails to point this Court to any evidence which contradicts or discredits the evidence against him. It is the jury's duty to resolve conflicts in testimony. Groseclose v. State, 440 So.2d 297, 300 (Miss.1983).
¶ 7. "If there is sufficient evidence to support a verdict of guilty, this Court will not reverse." Meshell v. State, 506 So.2d 989, 990 (Miss.1987). See also Haymond v. State, 478 So.2d 297, 300 *1031 (Miss.1985); Fairley v. State, 467 So.2d 894, 902 (Miss.1985). This Court should reverse only where, "with respect to one or more elements of the offense charged, the evidence so considered is such that reasonable and fair minded jurors could only find the accused not guilty." Alexander v. State, 759 So.2d 411, 421(¶ 23) (Miss.2000) (quoting Gossett v. State, 660 So.2d 1285, 1293 (Miss.1995)).
¶ 8. The standard of review in determining whether a jury verdict is against the overwhelming weight of the evidence is also well settled. "[T]his Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." Collins v. State, 757 So.2d 335, 337(¶ 5) (Miss.Ct.App.2000) (quoting Dudley v. State, 719 So.2d 180, 182(¶ 9) (Miss. 1998)). On review, the State is given "the benefit of all favorable inferences that may reasonably be drawn from the evidence." Collins, 757 So.2d at 337(¶ 5) (citing Griffin v. State, 607 So.2d 1197, 1201 (Miss. 1992)). "Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal." Collins, 757 So.2d at 337(¶ 5) (quoting Dudley, 719 So.2d at 182).
¶ 9. There is sufficient evidence to support the verdict. Taking as true all of the evidence to support the verdict, it was not against the overwhelming weight of the evidence. This issue is without merit.
II. THE TRIAL COURT ERRED IN ALLOWING INADMISSIBLE HEARSAY EVIDENCE DURING THE STATE'S CASE IN CHIEF.
¶ 10. Wright asserts that the trial court erred in allowing hearsay evidence including statements made by the child victim under Mississippi Rule of Evidence 803(25). Wright admits, however, that the trial court made extensive findings as to the factors necessary to ascertain the veracity of the declarant's testimony. The trial court did conduct a hearing outside the presence of the jury with regard to the victim and each witness that would be testifying under the exception and made extensive findings of fact and conclusions of law.
¶ 11. The trial judge has discretion to either accept or reject evidence offered by the parties. Austin v. State, 784 So.2d 186, 193(¶ 23) (Miss.2001). "That discretion must be exercised within the scope of the Mississippi Rules of Evidence, and reversal will only be had when an abuse of discretion results in prejudice to the accused." Id. at 193-94(¶ 23). As in the case of Voyles v. State, 822 So.2d 353 (Miss.Ct.App.2002), the trial judge did not abuse his discretion in allowing the testimony of the witnesses after the proper procedure was followed, a hearing was conducted, and a determination under Mississippi Rule of Evidence 803(25) was made. This issue is without merit.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY OF CONVICTION OF SEXUAL BATTERY AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.