CHANDLER, J.,
for the Court.
¶ 1. Randy Wilson was found guilty of sexual battery by the Circuit Court of Itawamba County and sentenced to serve thirty years in the custody of the Mississippi Department of Corrections, with five years suspended. Wilson now appeals, asserting first that the circuit court erroneously denied his motion to exclude statements made to a social worker by the young victim. He further contends that the circuit court, sitting as the trier of fact, erred in refusing to grant his motion for a JNOV or, in the alternative, for a new trial. Finding his assignments of error to *239 be without merit, we affirm Wilson’s conviction and sentence.
FACTS
¶ 2. In June, 2001, Randy Wilson’s eight-year-old daughter told her cousin that “her daddy had been messing with her.” The child’s aunt talked to Lee Wilson, her mother, about the little girls’ conversation. After questioning her daughter, Lee Wilson contacted Tabitha Enis, a social worker with the Mississippi Department of Human Services, who, in turn, notified the Department of Human Services and law enforcement officials in Itawamba County, where Randy Wilson, her estranged husband, lived.
¶ 3. The child told Enis that her father had started touching her in her “middle spot,” indicating her vaginal area, when she was in first or second grade. When she stayed with him at her grandmother’s house, he occasionally would take her into bed with him and try to dig his finger or his “middle spot” into her “middle spot.” She had complained periodically of burning when she urinated, but her mother testified that the family doctor attributed her symptoms to a kidney infection and she responded well to the prescribed medication. Dr. Linda Chidester conducted an examination of the child. The perineal examination indicated hymenal tearing and scarring, consistent with vaginal penetration. Combined with the incidents related to her by the child and the medical history of dysuria, or pain after urination, which, she testified, has been shown to occur in children subsequent to manipulation of the vaginal area and urethra, Dr. Chidester was of the opinion that penetration had occurred and the child had been fondled or molested.
¶ 4. Wilson was indicted by a grand jury of the Itawamba County Circuit Court on January 3, 2002. The circuit court later refused to accept his guilty plea after Wilson told the judge that he did not remember committing the offense with which he was charged. Following a bench trial, the circuit court entered a guilty verdict on October 18, 2002. Wilson’s motion for a JNOV or, in the alternative, for a new trial was denied.
LAW AND ANALYSIS
I. WHETHER WILSON WAS PREJUDICED BY THE CIRCUIT COURT’S CONSIDERATION OF THE SAME EVIDENCE TWICE: FIRST RULING ON ITS ADMISSIBILITY IN A PRE-TRIAL MOTION HEARING AND LATER, CONSIDERING ITS CREDIBILITY DURING A BENCH TRIAL
¶ 5. Wilson filed a pre-trial motion to exclude statements made by the victim to the social worker, Tabitha Enis, asserting that neither Ms. Enis’s testimony nor her written reports fell within the purview of Rule 803(25) of the Mississippi Rules of Evidence, the tender years exception, and thus were inadmissible pursuant to Hall v. State, 539 So.2d 1338 (Miss.1989). The circuit court considered the factors enumerated in M.R.E. 803(25), made a finding for the record that there were sufficient indicia of reliability to render the evidence admissible and denied the motion.
¶ 6. On appeal, Wilson now argues that he did not receive a fair trial, contending that Ms. Enis’s testimony received undue emphasis because the circuit judge heard the evidence twice: first, while ruling on its admissibility during pre-trial proceedings and second, while sitting as the trier of fact during the bench trial. While Wilson concedes that trial judges are vested with considerable discretion in the conduct of judicial proceedings, citing Witherspoon v. State, 441 So.2d 1363, 1364 *240 (Miss.1983), he provides no authority or meaningful argument in support of his actual assignment of error. “Failure to cite relevant authority obviates the appellate court’s obligation to review such issues.” Simmons v. State, 805 So.2d 452, 487(¶ 90) (Miss.2001); Williams v. State, 708 So.2d 1358, 1361(¶ 12) (Miss.1998). Consequently, we are procedurally barred from considering Wilson’s argument.
II. WHETHER THE CIRCUIT COURT ERRED IN REFUSING TO GRANT WILSON’S MOTION FOR A JNOV OR, IN THE ALTERNATIVE, FOR A NEW TRIAL
¶ 7. Wilson next asserts that the facts of the case do not support a conviction for the crime of sexual battery. He argues that there is no evidence that he “inserted his finger or anything else in the vagina” of the young victim. He therefore asserts that the circuit court erred in refusing to grant his motion for a JNOV or, in the alternative, for a new trial.
¶ 8. A motion for a new trial asks the Court to hold that the verdict was contrary to the overwhelming weight of the evidence. Crowley v. State, 791 So.2d 249, 253 (¶ 15) (Miss.Ct.App.2000). When a motion for a new trial is made, the court must accept as true all evidence that favors the verdict. Youngblood v. State, 759 So.2d 479, 483 (¶ 17) (Miss.Ct.App.2000). “Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal.” Dudley v. State, 719 So.2d 180, 182(¶ 8) (Miss.1998).
¶ 9. “This Court does not have the task of re-weighing the facts in each case to, in effect, go behind the jury to detect whether the testimony and evidence they chose to believe was or was not the most credible.” Langston v. State, 791 So.2d 273, 280 (¶ 14) (Miss.Ct.App.2001). In a bench trial, as in this case, the trial judge is “the jury” for all purposes of resolving issues of fact. Doolie v. State, 856 So.2d 669, 672 (¶ 7) (Miss.Ct.App.2003). When a trial court sits without a jury, this Court will reverse only when the findings of the trial judge are manifestly wrong or clearly erroneous. Amerson v. State, 648 So.2d 58, 60 (Miss.1994).
¶ 10. At trial, the young victim testified that her father had touched her “[d]own in my middle in places that he wasn’t supposed to” with his hand and “his middle.” Tabitha Enis, the social worker, likewise testified that the child had told her that Wilson “tried to dig his finger in her middle spot” and that he had “tried to put his middle spot on her middle spot.” Dr. Linda Chidester, who performed a child sexual abuse examination on the victim, noted that the child had told her “that he tried to put his finger in [sic] his middle spot inside but it wouldn’t go and that he tried to put his middle spot in her butt but it wouldn’t go there either.” Dr. Chidester testified that her physical examination of the child revealed hymenal tearing and scarring consistent with vaginal penetration and fondling. Wilson’s assertion, when asked if he had committed a sexual battery upon his child, that “if I did, I do not remember,” was the only conflicting evidence presented at the bench trial.
¶ 11. In Wright v. State, 859 So.2d 1028, 1030 (¶¶ 3, 6) (Miss.Ct.App.2003), this Court determined that the testimony of a six-year-old girl that she had been touched inappropriately by the defendant, which was corroborated by the accounts she had given to her mother, a deputy sheriff and a social worker, and supported further by findings of the physician performing a sexual abuse examination, was more than sufficient to sustain a conviction *241 for sexual battery. In that case, we found that Wright’s conviction was not dependent upon any medical or physical evidence, noting that “the Mississippi Supreme Court has held that the ‘totally uncorroborated testimony of a victim is sufficient to support a guilty verdict where that testimony is not discredited or contradicted by other evidence.’ ” Id. (quoting Taylor v. State, 836 So.2d 774, 777 (¶ 13) (Miss.Ct.App.2002)(quoting Christian v. State, 456 So.2d 729, 734 (Miss.1984)). In Taylor, the victims’s testimony, corroborated in part by the testimony of her mother and aunt, was sufficient to sustain her father’s conviction for sexual battery and child molestation. Taylor, 836 So.2d at 777 (¶¶ 13,14).
¶ 12. Given the corroborated testimony of Wilson’s daughter and the results of the sexual abuse examination, there is more than sufficient evidence in the record to support the guilty verdict. Therefore, we can say with certainty that the findings of the trial judge, sitting as the jury, were neither manifestly wrong nor clearly erroneous. Accordingly, we affirm Wilson’s conviction and sentence.
¶ 13. THE JUDGMENT OF THE ITAWAMBA COUNTY CIRCUIT COURT OF CONVICTION OF SEXUAL BATTERY AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIVE YEARS OF POST-RELEASE SUPERVISION AND FINE OF $2,500 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ITAWAMBA COUNTY.
KING C.J., BRIDGES AND SOUTHWICK, P.JJ., LEE, IRVING, MYERS AND GRIFFIS, JJ., CONCUR.