921 So.2d 385 (2005)
Geoffrey Alan BRADLEY, Appellant
v.
STATE of Mississippi, Appellee.
No. 2002-KA-00697-COA.
Court of Appeals of Mississippi.
November 15, 2005.
*386 Michael C. Hester, Long Beach, attorney for appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, for appellee.
EN BANC.
*387 MYERS, P.J., for the Court.
¶ 1. Geoffrey Alan Bradley was found guilty of two counts of sexual battery and two counts of touching a child for lustful purposes by a jury in the Circuit Court of Harrison County, First Judicial District on March 8, 2002. The trial court sentenced Bradley to thirty years on each count of sexual battery and fifteen years on each count of touching of a child for lustful purposes, with sentences to run concurrently serving a total of thirty years. Bradley now appeals to this Court raising the following four issues:
I. WHETHER THE TRIAL COURT COMMITTED ERROR WHEN IT GRANTED THE STATE'S MOTION IN LIMINE TO PRESENT THE TESTIMONY OF THE STATE'S MINOR WITNESSES VIA CLOSED CIRCUIT TV.
II. WHETHER THE TRIAL COURT COMMITTED ERROR WHEN IT DENIED BRADLEY'S MOTION FOR DIRECTED VERDICT.
III. WHETHER THE TRIAL COURT COMMITTED ERROR WHEN IT DENIED THE APPELLANT'S REQUEST FOR PEREMPTORY INSTRUCTION AND HIS MOTION FOR JNOV.
IV. WHETHER THE TRIAL COURT ERRED IN NOT GRANTING THE APPELLANT'S MOTION FOR A NEW TRIAL.
¶ 2. Finding no reversible error, we affirm the judgment of the circuit court.

FACTS
¶ 3. In late January of 2002, C.H. and H.H. were taken to Bradley's home for the purpose of him babysitting them while their mother attended school. We will refer to the daughters as C.H., who was five-years old at the time, and H.H., who was three-years old at the time. Both C.H. and H.H. were sick and therefore could not attend school that day. Their mother, Donna, knew Bradley from church, and had heard that he was a babysitter. Donna's husband, Kirk, dropped the two girls off at Bradley's apartment that morning. Once Donna finished classes she picked the girls up from Bradley's apartment. Donna noticed that C.H. was wearing different clothes than those she was wearing that morning. Donna inquired about this and Bradley simply stated that C.H. was hot so she changed clothes. Donna did not think much about this, because the two girls were sick and running fevers.
¶ 4. Approximately one month later, Donna had heard some rumors regarding Bradley and other children. On February 28, 2002, as Donna was dressing C.H. and H.H. for school, she began questioning them about their babysitters. She asked the two girls which ones they liked and what sort of games they played. At that point, C.H. and H.H began telling their mother what types of games they played with Bradley, which made it evident that Bradley had sexually abused the two girls. The record and the briefs detailed various specific acts of the abuse which we have no desire to repeat here. However, we can say that the State produced sufficient testimony and evidence at the trial for the jury to return a verdict of guilty on all four counts. Among those testifying for the State were the girls' parents, a detective familiar with sexual abuse in children and the girls' pediatrician, Dr. Donald LaGrone. Dr. LaGrone testified that his examinations showed no physical manifestation of sexual abuse, but since his exam was over a month later, he would not expect any physical signs.

LEGAL ANALYSIS
I. WHETHER THE TRIAL COURT COMMITTED ERROR WHEN IT *388 GRANTED THE STATE'S MOTION IN LIMINE TO PRESENT THE TESTIMONY OF THE STATE'S MINOR WITNESSES VIA CLOSED CIRCUIT TV.
¶ 5. Bradley asserts that the trial court committed error when it granted the State's request to allow the minor children to testify via closed circuit television pursuant to M.R.E. 617(a). The referenced rule provides:
Upon motion and hearing in camera, the trial court may order that the testimony of a child under the age of sixteen (16) years that an unlawful sexual act, contact, intrusion, penetration or other sexual offense was committed upon him or her be taken outside of the courtroom and shown in the courtroom by means of closed-circuit television upon a finding that there is a substantial likelihood that the child will suffer traumatic emotional or mental distress if compelled to testify in open court and, in the case of a criminal prosecution, if compelled to testify in the presence of the accused.
M.R.E. 617(a).
The State contends that adequate evidence was presented during a hearing which met all the requirements of M.R.E. 617(a).

STANDARD OF REVIEW
¶ 6. The standard of review for both the admission or exclusion of evidence is abuse of discretion. Harrison v. McMillan, 828 So.2d 756, 765(¶ 27) (Miss. 2002). Even if this Court finds an erroneous admission or exclusion of evidence, we will not reverse unless the error adversely affects a substantial right of a party. Gibson v. Wright, 870 So.2d 1250, 1258(¶ 28) (Miss.Ct.App.2004).

DISCUSSION
¶ 7. In order for the State to use the closed circuit television, as discussed in M.R.E. 617(a), it must make an adequate showing of necessity. Griffith v. State, 584 So.2d 383, 387 (Miss.1991). The trial court must hear evidence to determine whether one-way closed circuit television testimony of the child is necessary to protect the welfare of the child witness. J.L.W.W. v. Clarke County Dep't. Of Human Services by Barnett, 759 So.2d 1183, 1192(¶ 7) (Miss.2000). The trial court must go further to determine that trauma to the child witness would occur from the presence of the defendant and not merely from the courtroom in general. Id. at 1192 (¶ 7). The trial court must then determine that the emotional distress of the child caused by the presence of the defendant is more than mere nervousness. Id. See Maryland v. Craig, 497 U.S. 836, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990).
¶ 8. In the present case the trial court conducted a hearing, outside the presence of the jury, in order to make a ruling regarding the giving of testimony of the children by closed circuit television. The parents of C.H. and H.H. testified as to the children's fears and anxiety regarding testifying. They went further to discuss that both children feared Bradley because of threats which he made at the time of the abuse. Lori Jalbert, the court advocate at the Child Advocacy Center, also testified regarding the children's fear of coming to court with everyone looking at them and seeing Bradley. After hearing all the evidence, the trial court ruled that there was sufficient evidence to support that there was a substantial likelihood that C.H. and H.H. would suffer traumatic and emotional distress if they were compelled to come into court and testify. These witnesses established that both children were frightened of Bradley, more than just nervousness, and that the use of closed circuit television for their testimony was necessary for their welfare. Therefore, we find *389 that the trial court's ruling was correct, and we affirm the trial court's ruling.
II. WHETHER THE TRIAL COURT COMMITTED ERROR WHEN IT DENIED BRADLEY'S MOTION FOR DIRECTED VERDICT.
III. WHETHER THE TRIAL COURT COMMITTED ERROR WHEN IT DENIED BRADLEY'S REQUEST FOR A PEREMPTORY INSTRUCTION AND HIS MOTION FOR JNOV.
IV. WHETHER THE TRIAL COURT ERRED IN NOT GRANTING THE APPELLANT'S MOTION FOR A NEW TRIAL.
¶ 9. We have determined that it is sufficient to address Bradley's last three issues together.
¶ 10. Bradley contends that since C.H. and H.H.'s testimony at trial was different from their previous version of the incident then the trial court erred in not granting a directed verdict. The State argues that this contention is without merit. The State claims that the testimony of the young girls concisely and in rather innocent terms gives the facts of Bradley's actions.

STANDARD OF REVIEW
¶ 11. The standard of review of an overruled motion for a directed verdict or JNOV, as a matter of law, with the legal sufficiency of the evidence being viewed in a light most favorable to the State. Johnson v. State, 904 So.2d 162, 166(¶ 7) (Miss. 2005); McClain v. State, 625 So.2d 774, 778 (Miss.1993). All credible evidence which supports the defendant's guilt is accepted as true, and all favorable inference are reconciled in the State's favor. Id. The only way this Court will overturn the ruling of a trial court denying a motion for a directed verdict or JNOV is if after looking at all the evidence a reasonable jury could only have found the defendant not guilty. Id.
¶ 12. The standard of review for deciding whether or not a jury verdict is against the overwhelming weight of the evidence is that this Court must accept the evidence which supports the verdict as the truth and will reverse only if convinced that the trial court abused its discretion in not granting a new trial. Price v. State, 898 So.2d 641, 652(¶ 26) (Miss.2005). A new trial will not be ordered unless we are convinced that the verdict is so contrary to the overwhelming weight of the evidence that to allow the verdict to stand would be to sanction an unconscionable injustice. Pearson v. State, 428 So.2d 1361, 1364 (Miss.1983). This high standard is necessary because any factual disputes are properly resolved by the jury not by an appeals court. McNeal v. State, 617 So.2d 999, 1009 (Miss.1993).

DISCUSSION
¶ 13. Bradley contends that since C.H. and H.H's testimony at trial differed from their previous statements to their parents, the detective and their pediatrician, this inconsistency was sufficient for the jury to return a not guilty verdict. Bradley alleges that it was obvious that there was not sufficient evidence to support the jury's verdict; however, we disagree. C.H. and H.H. were five and three years old respectively at the time of the abuse. The date of the trial C.H. and H.H were seven and five years old respectively. The trial was more than two years after the abuse occurred. Both girls testified to penetration by Bradley and this testimony was corroborated by the other witnesses listed above. The only evidence presented to contradict C.H. and H.H's accounts of the abuse was the testimony of Bradley in which he made a general denial of the accusations.
¶ 14. Case law holds that the word of the victim of a sex crime, even if unsupported, *390 is sufficient to support a guilty verdict when that testimony has not been discredited or contradicted by credible evidence. Torrey v. State, 891 So.2d 188, 192(¶ 18) (Miss.2004) (quoting Collier v. State, 711 So.2d 458, 462(¶ 15) (Miss.1998)). See Byars v. State, 835 So.2d 965 (Miss.Ct. App.2003). This Court will not overturn the jury's findings unless the facts are so in favor of the defendant that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty. Glass v. State, 278 So.2d 384, 386 (Miss.1973). "This Court does not have the task of re-weighing the facts in each case to, in effect, go behind the jury to detect whether the testimony and evidence they chose to believe was or was not the most credible." Langston v. State, 791 So.2d 273, 280(¶ 14) (Miss.Ct.App.2001).
¶ 15. In Wright v. State, this Court determined that the testimony of a six-year-old girl stating that she had been touched inappropriately by the defendant, which was corroborated by the accounts she had given her mother, a deputy sheriff and a social worker, and supported further by the physician's findings, was more than sufficient to support a conviction. Wright v. State, 859 So.2d 1028, 1030 (¶¶ 3,6)(Miss.Ct.App.2003). In that case, we found that Wright's conviction was not dependent upon any medical or physical evidence, noting that the totally uncorroborated testimony of the victim was sufficient to support a guilty verdict when the testimony is not discredited by other evidence. Id. Even though C.H. and H.H's testimony slightly differed regarding the events of the abuse, it is not this Court's function to determine the credibility of the testimony. Davis v. State, 878 So.2d 1020, 1027(¶ 30) (Miss.Ct.App.2004).
¶ 16. It is the jury's function to decide which testimony to accept and which to reject. Id. Based on the evidence presented we are satisfied that the jury did just that and returned a reasonable verdict. We therefore affirm the trial judge's denial of Bradley's motions for directed verdict, JNOV and new trial.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY, FIRST JUDICIAL DISTRICT, OF CONVICTION OF TWO COUNTS OF SEXUAL BATTERY AND TWO COUNTS OF TOUCHING A CHILD FOR LUSTFUL PURPOSES AND SENTENCE OF THIRTY YEARS ON EACH COUNT OF SEXUAL BATTERY AND FIFTEEN YEARS ON EACH COUNT OF TOUCHING A CHILD FOR LUSTFUL PURPOSES, WITH SENTENCES TO RUN CONCURRENTLY, FOR A TOTAL OF THIRTY YEARS TO SERVE, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING, C.J., LEE, P.J., BRIDGES, IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.