963 So.2d 1262 (2007)
Billy WILLIAMS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-KA-00781-COA.
Court of Appeals of Mississippi.
August 28, 2007.
*1263 William G. Hatton, attorney for appellant.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before MYERS, P.J., ISHEE and CARLTON, JJ.
MYERS, P.J., for the Court.
¶ 1. Williams was convicted by a jury in the Circuit Court of Benton County of the sale of a Scheduled II controlled substance and sentenced to serve a term of twenty-five years in the custody of the Mississippi Department of Corrections, with five years suspended and twenty years to serve, ordered to serve five years post-release supervision, and fined $5,000. Williams filed a motion for JNOV/new trial, asserting that the verdict was against the overwhelming weight of the evidence; however, the motion was denied. From the judgment of the circuit court, Williams appeals, raising the following issue:
WHETHER THE VERDICT OF THE JURY WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE
¶ 2. Finding that the verdict was not against the overwhelming weight of the evidence, we affirm the circuit court's denial of Williams' motion for JNOV/new trial.

FACTS
¶ 3. On March 17, 2005, Benton County Sheriff's Department Chief Deputy and Narcotics Task Force Officer David Murphy was working with a paid confidential informant, Caryl Jo Brown, in preparation for what they believed would be a cocaine purchase from Billy Williams. Brown was wired with a video/audio recording device *1264 which recorded the transaction when Brown purchased what appeared to be rock cocaine from Williams for $120. After Williams was arrested, the exchanged substance was analyzed by the Mississippi Crime Lab. Test results confirmed that the substance was, in fact, rock cocaine.

DISCUSSION
¶ 4. Issues based upon a denial of a motion for a JNOV challenge the sufficiency of the evidence. Boose v. State, 851 So.2d 391, 394(¶ 13) (Miss.Ct.App.2003). An appellate court reviewing a claim that the evidence presented at trial was insufficient to support the verdict is to accept as true all evidence tending to support the verdict, including the inferences derived therefrom, and consider whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Dilworth v. State, 909 So.2d 731, 736(¶ 17) (Miss.2005) (quoting Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).
¶ 5. As distinguished from a motion for JNOV, issues based upon a denial of a motion for a new trial challenge the weight, not the sufficiency of the evidence. Dilworth, 909 So.2d at 736(¶ 16). A new trial will not be ordered unless we are convinced that the verdict is so contrary to the overwhelming weight of the evidence that to allow the verdict to stand would be to sanction an unconscionable injustice. Bradley v. State, 921 So.2d 385, 389(¶ 12) (Miss.Ct.App.2005). This high standard is necessary because any factual disputes are properly resolved by the jury, not by an appellate court. Id. Thus, the scope of review on this issue is limited in that all evidence must be construed in the light most favorable to the verdict. Herring v. State, 691 So.2d 948, 957 (Miss.1997).
¶ 6. Our review of the record makes clear that the testimony and exhibits introduced at trial were more than adequate to support a conviction in weight and sufficiency. Both Officer Murphy and Brown identified Williams as the perpetrator on the audio/video recording, which was played for the jury.[1] Both Officer Murphy and Brown testified that they were familiar with Williams from the community and knew him by his nickname, "Bookie." Officer Murphy identified Williams as the person on the video making the drug sale and Brown identified Williams by voice. Additionally, the test results introduced at trial confirmed that the substance exchanged was rock cocaine. We find that the evidence presented at trial was strong and sufficient. The circuit court did not err in its denial of Williams' motion for JNOV/new trial.
¶ 7. THE JUDGMENT OF THE BENTON COUNTY CIRCUIT COURT OF CONVICTION OF THE SALE OF A CONTROLLED SUBSTANCE AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH TWENTY YEARS TO SERVE AND FIVE YEARS SUSPENDED, FIVE YEARS POST-RELEASE SUPERVISION AND A *1265 FINE OF $5,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO BENTON COUNTY.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] We note that Williams argues to this Court that Brown's testimony is to be discredited because Brown was a paid informant and an admitted drug user; however, we find this argument unpersuasive. It is the jury's function to decide which evidence and testimony is credible and which is not, and we will not substitute our judgment for that of the jury. Bradley v. State, 921 So.2d at 389(¶ 12).