# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-KA-01253-COA

DENZEL CASTON                                                          APPELLANT

v.

STATE OF MISSISSIPPI                                                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 07/23/2013 |
| TRIAL JUDGE: | HON. JOHNNIE E. WALLS JR. |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES BENJAMIN ALLEN SUBER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LISA L. BLOUNT |
| DISTRICT ATTORNEY: | BRENDA FAY MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF BURGLARY OF AN AUTOMOBILE AND SENTENCED TO FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH THREE YEARS SUSPENDED |
| DISPOSITION: | AFFIRMED - 10/07/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., BARNES AND CARLTON, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.     On May 30, 2013, a Bolivar County jury convicted Denzel Caston of burglary of an automobile. The trial court sentenced Caston to serve five years in the custody of the Mississippi Department of Corrections (MDOC), with three years suspended. Caston appeals his sentence and conviction, claiming that the trial court erred in denying his motion for a

judgment notwithstanding the verdict or, in the alternative, a new trial. Finding no error, we affirm the trial court's judgment.

## FACTS

¶2. Between the hours of 11:00 and 11:30 p.m. on the evening of May 28, 2012, Charles Harvey heard the alarm in his pickup truck, which he parked in his driveway outside of his house, going off. Harvey and his son, Sherrod, rushed outside of their house to investigate. Harvey observed three men running from the truck, and he and Sherrod discovered that someone broke the driver's window of the truck and removed the truck radio. Harvey called the sheriff's department and gave a report of the theft to the responding officer.

¶3. The following day, Harvey went to the county justice court and gave a written statement about the incident. Harvey stated that he assumed that Elevester Trotter and Denzel Caston were two of the individuals who broke into the truck. Harvey stated that he saw Trotter's face, and he identified Caston as the second individual because he recognized Caston's dreadlocks. Harvey admitted that he never saw Caston's face. Harvey also stated that he found a small hammer-like object on the ground outside of the truck, which he believed the culprits used to break the truck window. Harvey testified that the sheriff's department saw the hammer-like object, but failed to take it with them as evidence.

¶4. Officer Michael Williams, an investigator with the Bolivar County Sheriff's Department, investigated the auto burglary. After Harvey signed affidavits in justice court against Trotter and Caston, Officer Williams located both Trotter and Caston and arrested them. Trotter refused to give a statement to Officer Williams, but Caston did provide a statement.

2

¶5. In his statement to Officer Williams, Caston claimed that on the night of May 28, 2012, he and Trotter were at The Barn, a liquor store in Duncan, Mississippi, when Trotter informed Caston that a guy named Sherrod possessed a radio. Trotter suggested to Caston that they should go get the radio. In the statement, Caston admitted that he and Trotter went to Harvey's house to steal the radio. Caston stated that he acted as a lookout and stood next to the grain silo near the edge of Harvey's street while Trotter broke into the truck. Caston stated that he failed to hear any glass break, but he did see Trotter inside of the truck. Caston admitted that when the front-door light of Harvey's house turned on, he and Trotter ran.

¶6. Trotter pled guilty to the auto-burglary charge, and testified for the State at Caston's trial. Trotter testified that on the evening of Monday, May 28, 2012, he was at a convenience store with Caston, discussing how they both needed money. Trotter stated that he and Caston heard that somebody wanted to buy a radio, and Trotter told Caston that he knew where to find one. Trotter stated that he and Caston agreed to go get the radio.

¶7. According to Trotter, Caston picked up a small crowbar off of a table at a house along the way to Harvey's house. Once the men approached Harvey's house, Trotter testified that Caston took off his shirt, wrapped it around his hand, and used the crowbar to break into Harvey's truck's passenger window. Trotter stated that Caston helped him get through the truck window. When Caston saw Harvey coming out of the house, Caston alerted Trotter, and the two fled. According to Trotter, he and Caston threw the stolen radio near some train tracks as they fled, and the two returned the next day to retrieve the radio. Trotter stated that he and Caston sold the radio and split the money.

¶8. The jury found Caston guilty of auto burglary, and the trial court sentenced Caston

3

to serve five years in the custody of the MDOC, with three years suspended. Caston filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial, which the trial court denied. Caston now appeals, claiming that the weight of the evidence presented at trial fails to support the jury's verdict, and that as a result, the circuit court erred in denying his motion for a new trial.

## STANDARD OF REVIEW

¶9. In *Ross v. State*, 954 So. 2d 968, 1016 (¶127) (Miss. 2007) (citing *Bush v. State*, 895 So. 2d 836, 844 (¶18) (Miss. 2005)), the Mississippi Supreme Court set forth the standard of review for a motion for a new trial as follows:

> A motion for new trial challenges the weight of the evidence[;][w]hen reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will disturb a verdict only when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.

This Court will reverse the trial court's denial of a motion for a new trial only if the trial court abused its discretion. *Daniels v. State*, 107 So. 3d 961, 963 (¶12) (Miss. 2013).

## DISCUSSION

¶10. Caston claims that the jury's verdict finding him guilty of auto burglary was against the overwhelming weight of the evidence; thus, the trial court erred in denying his motion for a new trial. The grand jury indicted Caston on the charge of burglary of an automobile under Mississippi Code Annotated section 97-17-33(1) (Rev. 2006), which states:

> Every person who shall be convicted of breaking and entering, in the day or night, any . . . automobile, truck or trailer in which any goods, merchandise, equipment or valuable thing shall be kept for use, sale, deposit, or transportation, with intent to steal therein, or to commit any felony, or who shall be convicted of breaking and entering in the day or night time, any

4

building within the curtilage of a dwelling house, not joined to, immediately connected with or forming a part thereof, shall be guilty of burglary, and imprisoned in the penitentiary not more than seven (7) years.

¶11. In support of his argument that the jury's verdict of guilty was against the overwhelming weight of the evidence presented at trial, Caston asserts that the jury heard testimony from his mother, Tammy Caston, and his uncle, Michael Caston, who both testified that Caston was at home on the night of the burglary. Tammy testified that Caston was at home by 9:30 p.m. that night. Tammy and Michael both stated that around 10:00 or 10:30 p.m. that evening, Caston left the house to go to The Barn to pick up several items that Michael requested Caston purchase for him. Michael testified that within five minutes, Caston returned home from the store with a soda, a bag of chips, and a cake for Michael. Michael went to his bedroom at 10:30 p.m. and stayed there for the rest of the night. Tammy testified that after returning from the store, Caston watched television with her for the remainder of the night.

¶12. Caston also testified in his own defense, stating that he failed to participate in the auto burglary. Caston claimed that he was with his girlfriend on the night of the burglary. He testified that he only confessed to committing the burglary to Officer Williams because he was frustrated and wanted to make bail. Caston admitted that he lied to Officer Williams about his participation in the crime, and Caston alleged that he only knew the details of the burglary because he had heard the details from someone else.

¶13. Regarding jury trials, the Mississippi Supreme Court has held that the jury acts as the sole judge of the credibility of witnesses and the weight and worth of their conflicting testimony. *Gathright v. State*, 380 So. 2d 1276, 1278 (Miss. 1980). The jury possesses "the

duty to determine the impeachment value of inconsistencies or contradictions as well as testimonial defects of perception, memory and sincerity." *Jones v. State*, 381 So. 2d 983, 989 (Miss. 1990). Additionally, "[w]hen there is substantial evidence consistent with the verdict, evidence which is of such weight and quality that, keeping the burden of proof of beyond a reasonable doubt in mind, fair-minded jurors in the exercise of impartial judgment might reach different conclusions, the jury's verdict should be allowed to stand." *Sheffield v. State*, 749 So. 2d 123, 127 (¶15) (Miss. 1999) (citation omitted).

¶14.    In the present case, the record reflects that the State introduced sufficient evidence whereby a reasonable jury could have found Caston guilty of the crime charged. Harvey testified that he observed both Trotter and Caston running away from Harvey's truck on the night of the auto burglary. Harvey admitted that although he did not see Caston's face, he recognized him by his dreadlocks, explaining that they live in a small community and Caston was known for his dreadlocks. Harvey testified that Caston wore no shirt as he ran from the truck.

¶15.    Officer Williams testified that he took a statement from Caston, and that Caston confessed to participating in the burglary as a lookout. Trotter also testified for the State, and he identified Caston as participating in the auto burglary. Trotter corroborated Harvey's testimony, stating that Caston took off his shirt and wrapped it around both his hand and the metal crowbar when breaking the truck window.

¶16.    In accepting as true the evidence supporting the jury's verdict, we cannot find that the jury's guilty verdict is so against the overwhelming weight of the evidence as to sanction an unconscionable injustice. *See Carle v. State*, 864 So. 2d 993, 998 (¶18) (Miss. Ct. App.

6

2004).  Accordingly, we cannot find that the trial court abused its discretion in denying

Caston's motion for a new trial.

¶17.   **THE JUDGMENT OF THE BOLIVAR COUNTY CIRCUIT COURT OF CONVICTION OF BURGLARY OF AN AUTOMOBILE AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH THREE YEARS SUSPENDED, IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO BOLIVAR COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**